IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:22-cv-00317-FDW

| | |
|---|---|
| COLIN SHAKESPEARE and SONYA SHAKESPEARE, <br><br> Plaintiffs, <br><br> v. <br><br> NOVANT HEALTHCARE INC., THE PRESBYTERIAN HOSPITAL d/b/a PRESBYTERIAN MEDICAL CENTER and FABIOLA PIERCY <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND MOTION TO EXTEND CASE DEADLINES** |

Pursuant to Local Civil Rule 7.1(c), Defendants Novant Health, Inc. (misnamed in the Amended Complaint as "Novant Healthcare, Inc."), The Presbyterian Hospital d/b/a Presbyterian Medical Center and Fabiola Piercy, submit this Memorandum of Law in Support of their Motion to Compel.

## STATEMENT OF THE CASE

This is a medical malpractice case arising from alleged events occurring on or before January 9, 2020 at Defendant Novant Health Presbyterian Medical Center ("NHPMC") in Charlotte, North Carolina. *See generally*, D.E. 3. Specifically, Plaintiffs Colin Shakespeare and Sonya Shakespeare ("Plaintiffs") allege that Mr. Shakespeare presented to NHPMC on January 8, 2020 and suffered an ischemic stroke moments after arrival. D.E. 3 ¶ 6. As the basis for their Complaint, Plaintiffs allege that, the following day, Defendant Fabiola Piercy, R.N. ("Nurse Piercy") caused Mr. Shakespeare to suffer a second stroke when she administered two boluses of hydralazine, and that NHPMC, as Nurse Piercy's employer, is liable on the basis of *respondeat superior*. *Id.* ¶¶ 4-5, 13-17. Additionally, Plaintiffs allege claims for negligent infliction of

Case 3:22-cv-00317-FDW-DCK   Document 24   Filed 06/30/23   Page 1 of 25

emotional distress, negligent hiring and supervision, loss of consortium, alienation of affection, and punitive damages. *Id.* ¶¶ 53-78.

## STATEMENT OF FACTS

On February 13, 2023, Defendants served their First Set of Interrogatories and Requests for Production to Mr. Shakespeare and their First Set of Interrogatories and Requests for Production to Mrs. Shakespeare. *See* **Exhibit 1,** Defs. First Set of Disc. Req. to Mr. Shakespeare; **Exhibit 2**, Defs. First Set of Disc. Req. to Mrs. Shakespeare. Defendants propounded 23 interrogatories on Mr. Shakespeare and 17 interrogatories on Mrs. Shakespeare, both for response "within thirty (30) days of service." **Ex. 1; Ex. 2**. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs' responses to these requests were due on or before March 15, 2023. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).

On March 14, 2023, Plaintiffs requested "another week or two at the latest to respond to discovery," and Defendants agreed to this extension. *See* **Exhibit 3**, Mar. 14, 2023 email. Additionally, Plaintiffs' Counsel confirmed that both Mr. and Mrs. Shakespeare were available for deposition on April 20, 2023. Two weeks passed. Plaintiffs failed to respond to any requests. At this time, the controlling Case Management Order (D.E. 14) imposed a discovery deadline of July 21, 2023, and expert report deadlines of May 26, 2023 and June 23, 2023 for Plaintiffs and Defendants, respectively. As such, on April 13, 2023, Defendants noticed the depositions of both Plaintiffs for April 21, 2023.[1] *See* **Exhibit 4,** Notice of Dep. of Colin Shakespeare; **Exhibit 5**, Notice of Dep. of Sonya Shakespeare. The next day, Defense Counsel spoke with Plaintiffs' Counsel via telephone. *See* **Exhibit 6**, April 14, 2023 email. Counsel discussed Defendants' desire to depose Plaintiffs in-person and the agreement to re-schedule the depositions based on Plaintiffs'

---

[1] The Notice of Deposition for Plaintiff Colin Shakespeare states "April 21, 2021" as the date of deposition. The year "2021" is a typographical error.

Counsel's representation that Plaintiffs would serve discovery responses by April 21, 2023 or that Plaintiffs' Counsel would call Defense Counsel if Plaintiffs needed additional time beyond April 21, 2023. *Id.* Following their phone call, Defense Counsel emailed Plaintiffs' Counsel to confirm the matters discussed and to reiterate that Defendants need Plaintiffs' discovery responses before Plaintiffs' depositions. *Id.* Plaintiffs' Counsel agreed that Defense Counsel provided an accurate account of their telephone conversation. *Id.*

On April 20, 2023, Plaintiffs' Counsel requested an additional two weeks to serve Plaintiffs' discovery responses. *See* **Exhibit 7**, April 20, 2023 email ("An additional two weeks should suffice."). Defense Counsel responded on April 23, 2023 and restated Defendants' position that they need discovery responses prior to Plaintiffs' depositions. *Id.* Defense Counsel inquired whether Plaintiffs could have the discovery responses before May 5, 2023 and whether Plaintiffs could be available for deposition on May 8, 2023. *Id.* Additionally, Defense Counsel informed Plaintiffs that Defendants experts need Plaintiffs' deposition transcripts to formulate their opinions and that Defense Counsel would like to avoid seeking guidance from the Court or amending the Case Management Order (D.E. 14) in place at the time. *Id.* Plaintiffs' Counsel replied on April 25, 2023 and proposed a motion for extension of time. *Id.* Defense Counsel consented to this motion. *Id.*

On May 1, 2023, Plaintiffs' Counsel filed a Motion for Extension of Time to Complete Discovery (D.E. 17) and a Motion to Withdraw (D.E. 18). At this point, Plaintiffs still had not responded to any discovery requests. The following day, the Court denied Plaintiffs' Counsel's Motion to Withdraw (D.E. 20) and granted with modification Plaintiffs' Motion for Extension of Time to Complete Discovery (D.E. 19). The Court's May 2, 2023 Order (D.E. 19) extended the

discovery deadline to August 25, 2023 and allowed Plaintiffs and Defendants until June 23, 2023 and July 21, 2023, respectively, to serve expert reports.

On May 4, 2023, Plaintiffs' Counsel served via email Plaintiffs' responses to Defendants' First Set of Interrogatories. *See* **Exhibit 8**, May 4, 2023 email; **Exhibit 9**, Mr. Shakespeare's Resp. to Defs. First Set of Interrog.; **Exhibit 10**, Mrs. Shakespeare's Resp. to Defs. First Set of Interrog. In her email, Plaintiffs' Counsel stated, "[a]lso, the responses to document requests are on the way." **Ex. 8**.

Upon receipt of both sets of responses, Defense Counsel promptly reviewed the same. Mr. Shakespeare responded to Interrogatories 1 through 17 but refused to respond to the remaining six interrogatories on the basis that the number of interrogatories propounded exceeded the limit set forth in Rule 33 of the Federal Rules of Civil Procedure and the Court's Case Management Order (D.E. 14). *See* **Ex. 9**. In response, Defense Counsel emailed Plaintiffs' Counsel on May 8, 2023 to address the deficiencies of Plaintiffs' responses. *See* **Exhibit 11**, May 8, 2023 email. Defense Counsel offered availability on May 10, 2023 to discuss the deficiencies and indicated his intent to reluctantly file a motion to compel should the parties be unable to resolve discovery issues in the week. *Id.*

The next day, on May 11, 2023, Defense Counsel sent Plaintiffs' Counsel a detailed letter addressing the deficiencies of Plaintiffs' discovery responses. *See* **Exhibit 12**, Letter to Plaintiffs' Counsel dated May 11, 2023. In this letter, Defendants informed Plaintiffs of the prejudicial effect of their failure to comply with discovery. *Id.* ("Plaintiffs' ongoing failure to comply with discovery is prejudicial to [Defendants'] ability to evaluate and defend this claim.").

Five days later, on May 16, 2023, Plaintiffs' Counsel served via email Plaintiffs' responses to Defendants' First Set of Requests for Production. *See* **Exhibit 13**, May 16, 2023 email; **Exhibit**

**14**, Mr. Shakespeare's Resp. to Defs. First Req. for Prod.; **Exhibit 15**, Mrs. Shakespeare's Resp. to Defs. First Req. for Prod.  Additionally, Plaintiffs' Counsel stated that she would "send a file with the documents and a letter later today," and that she was "going to subpoena documents" and would "copy [Defense Counsel] on those subpoenas."  *See* **Ex. 13**.

The next day, Plaintiffs' Counsel responded to Defense Counsel's May 11, 2023 letter.  *See* **Exhibit 16**, Letter from Plaintiffs' Counsel dated May 17, 2023.  In this letter, Plaintiffs' Counsel maintained that Defendants requested "a lot of documents that are in [Defendants'] control and custody," that Defendants' First Set of Interrogatories to Mr. Shakespeare exceeded the limit set forth in Rule 33 of the Federal Rules of Civil Procedure, that the timeframe stated in certain interrogatories "is not related to the needs of the case whatsoever," and that Mr. Shakespeare "is not in the medical condition to adequately answer" certain interrogatories.  *Id.*

On May 26, 2023, Plaintiffs served supplemental responses to Defendants' First Set of Interrogatories.  *See* **Exhibit 17**; Mr. Shakespeare's Supp. Resp. to Defs. First Set of Interrog.; **Exhibit 18**, Mrs. Shakespeare's Supp. Resp. to Defs. First Set of Interrog.  In combination with their original responses, Plaintiffs' supplemental interrogatory responses identified multiple documents responsive to Defendants' First Set of Requests for Production.  *See* **Ex. 1**; **Ex. 2**; **Ex. 17**; **Ex. 18**.

Three days later, on May 29, 2023, Plaintiffs served their First Set of Interrogatories to NHPMC and their First Set of Interrogatories to Fabiola Piercy.  *See* **Exhibit 19**, Pls. First Set of Interrog. to NHPMC; **Exhibit 20**, Pls. First Set of Interrog. to Fabiola Piercy.  On June 9, 2023, Plaintiffs served their First Set of Requests for Production to NPHMC.  *See* **Exhibit 21**, Pls. First Set of Req. for Prod. to NHPMC.  Upon receipt, Defense Counsel promptly requested an extension

of time to respond up to and including July 14, 2023, and Plaintiffs' Counsel agreed. *See* **Exhibit 22**, June 21, 2023 email.

As of June 9, 2023, the responsive documents identified in Plaintiffs' interrogatory responses remained outstanding. As such, in a good faith attempt to confer with Plaintiffs, Defense Counsel sent Plaintiffs' Counsel another letter on June 13, 2023, again requesting that Plaintiffs provide the now 90 days overdue responsive documents. *See* **Exhibit 23**, Letter to Plaintiffs' Counsel dated June 13, 2023. This letter listed various medical records and bills, tax records, and other documents identified in Plaintiffs' interrogatory responses and owed to Defendants as part of Plaintiffs' responses to Defendants' First Set of Requests for Production. *Id.*; *see also* **Ex. 1**; **Ex. 2**.

On June 19, 2023, Plaintiffs' Counsel served via email Mrs. Shakespeare's tax records for years 2016, 2020, and 2021 and two sets of Mr. Shakespeare's medical records from Orlando Health and Hyperbarics Orlando. *See* **Exhibit 24**, June 19, 2023 email. In this email, Plaintiffs' Counsel requested that counsel "schedule a time to discuss discovery issues" and stated that she would send an updated letter. *Id.* Defense Counsel responded with availability for the following day. *Id.* Plaintiff's Counsel replied that she had a brief due and requested "something towards the end of the week." *Id.*

In light of their approaching expert report(s) deadline and the language in the Court's May 2, 2023 Case Management Order (D.E. 19) stating that "[f]urther extensions are unlikely to be allowed," Defendants re-noticed Plaintiffs' depositions for June 30, 2023. *See* **Exhibit 25**, Notice of Dep. of Mr. Shakespeare; **Exhibit 26**, Notice of Dep. of Mrs. Shakespeare. As of June 23, 2023, approximately one week prior to Plaintiffs' depositions, Plaintiffs had yet to produce the requested documents. As such, pursuant to the language in subsection (1)(i) of the Court's January

6

20, 2023 Case Management Order and prior to filing a formal motion aimed at resolving a discovery dispute on the docket, Defense Counsel emailed The Honorable Judge David Keesler requesting court assistance, *i.e.*, an informal telephone conference with the Parties, to address Plaintiffs' outstanding discovery responses. *See* **Exhibit 27**, June 23, 2023 emails. Defense Counsel outlined their position that Plaintiffs discovery responses remained grossly deficient and that such responses will arguably form the basis of Defendants' expert opinions, the reports of which are due July 21, 2023. *Id.* This same day, Plaintiffs' Counsel responded to this email and characterized Defense Counsel's request as "premature," "uncalled for," and "made without so much as a phone conference to Plaintiffs' [C]ounsel." *Id.* Plaintiffs' Counsel also stated that she had "invited Defendants to join the discovery process by way of subpoenas, and even invited the idea HIPPA [sic] agreements, contingent on certain confidentiality privileges." *Id.* Further, Plaintiffs' Counsel stated that "Defendants have also not produced documents that are due and Plaintiffs have agreed to an extension." *Id.*

Minutes later, Plaintiffs' Counsel replied again and stated that she has outstanding requests for medical records and "wanted to see [Defense Counsel's] thoughts on a subpoena for the documents." *Id.* Additionally, Plaintiffs' Counsel requested that Defense Counsel call her before emailing the Court. *Id.* The Court responded and suggested that the Parties confer via some form of "live" communication in a good faith effort to resolve or narrow the discovery dispute and then send another email request for a conference should the effort prove unsuccessful. *Id.* In accordance with the Court's guidance, Defense Counsel requested Plaintiff's Counsel's availability that afternoon and advised Plaintiffs' Counsel that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas will now allow reasonable time for compliance prior to Plaintiffs' depositions on June 30, 2023. *See* **Exhibit 28**, June 23, 2023 emails. Again, Defense Counsel

stated Defendants' intent to move to compel the now 100-days overdue discovery responses. *Id.* Plaintiffs' Counsel replied that Defendants "cannot compel what [Plaintiffs] do not have" and stated that she would "request fees" should Defendants file a motion to compel. *Id.*

On Tuesday, June 27, 2023, Defense Counsel called Plaintiffs' Counsel to discuss the status of Plaintiffs' discovery responses. This conversation lasted approximately 40 minutes. Plaintiffs' Counsel stated that she is producing documents as she receives them, and that it is her preference that the Parties issue subpoenas for the outstanding documents. Defense Counsel reiterated its position that, in light of the current case deadlines and number of individuals who need to be deposed, subpoenas do not allow reasonable time for compliance. Additionally, Defense Counsel addressed Mr. Shakespeare's objections to Defendants' Interrogatories based on the number of subparts. Defense Counsel explained Defendants' position that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, any objection has been waived based on untimeliness. Likewise, Defense Counsel informed Plaintiffs' Counsel of case law from this district suggesting that the proper procedure is to object and seek a protective order prior to responding and that partially responding waives any objection. Plaintiffs' Counsel disagreed, and Defense Counsel agreed that it would sent Plaintiffs' Counsel the case law in support of such position. Finally, Defense Counsel addressed the deficiencies in Plaintiffs' Expert Reports served on June 23, 2023. *See* **Exhibit 29**, Plaintiffs' Expert Reports. Specifically, Defense Counsel informed Plaintiffs' Counsel that these reports do not contain a list of prior testimony as required by Rule 26(a)(2)(B)(v) and do not indicate which materials the experts relied upon in forming their opinions, as required by Rule 26(a)(2)(B)(iii). *See* Fed. R. Civ. P. 26(a)(2)(B)(iii) and (v).

Near the close of the telephone conversation, Defense Counsel requested that Plaintiffs bring as many outstanding documents as possible to their depositions such that Defense Counsel

could review the documents the day of the depositions and question Plaintiffs as to the same. Plaintiffs' Counsel stated that Mr. Shakespeare did not engage in much post-operative care such that there should not be many records outstanding. In response, Defense Counsel proposed that Plaintiffs attempt to retrieve these records themselves such that they could have them at their depositions on June 30, 2023. Plaintiffs' Counsel insisted that "that's now how that works at any hospital," and Defense Counsel disagreed. Defense Counsel clarified multiple times that Defendants are not intending to be difficult but are trying to gather the responses owed to them so that they can meaningfully depose Plaintiffs and comply with the Court's deadlines.

The current status of discovery is as follows. To date, many of Plaintiffs' discovery responses remain outstanding, including, but not limited to, medical records, medical bills, tax records, and other documents identified in Plaintiffs' interrogatory responses. Defense Counsel has yet to receive a copy of any subpoena or HIPAA form. As of the date of this filing, the following interrogatories responses remain deficient or unanswered: Mr. Shakespeare's responses to Interrogatories Nos. 8, 9, and 18 through 23. Further, the following requests for production appear deficient based on Plaintiffs' interrogatory responses: Mr. Shakespeare's Responses to Defendants' Requests for Production Nos. 1, 8, 10, and 13 and Mrs. Shakespeare's Responses to Defendants' Requests for Production Nos. 1, 6, 7, 9, 12, 13, and 15.

The table below lists the documents identified in Plaintiffs' interrogatory responses and the corresponding request for production.

| Document | Discovery Response Identifying Document | Corresponding Request for Production |
| --- | --- | --- |
| Mrs. Shakespeare's medical records and bills from Dr. George K. Rafeedie, M.D. (Regan Medical Center) | Mrs. Shakespeare's Supplemental Response to Interrogatory 1 and Response and Supplemental Response to Interrogatory 16 | Requests 1, 7, 9, and 13 |

9

| | | |
|---|---|---|
| Mr. Shakespeare's medical bills from Dr. George K. Rafeedie, M.D. (Regan Medical Center) | Mr. Shakespeare's Response to Interrogatory 1 and Supplemental Responses to Interrogatory 4, 8, and 9 | Requests 1, 8 |
| Mr. Shakespeare's medical records and bills from Kelly Loring, FNP-BC | Mr. Shakespeare's Response to Interrogatory 1 | Requests 1, 8 |
| Mr. Shakespeare's medical records and bills from physical therapy (provider not identified) | Mr. Shakespeare's Supplemental Responses to Interrogatory 2, 4, 8, and 9;<br><br>Mrs. Shakespeare's Supplemental Response to Interrogatory 6 | Requests 1, 8<br><br><br><br>Requests 1, 9, and 13 |
| Mr. Shakespeare's medical records and bills from urgent care (provider not identified) | Mr. Shakespeare's Supplemental Response to Interrogatory 1 and Supplemental Response to Interrogatory 4, 8, and 9 | Requests 1, 8 |
| Grief counseling records and bills (provider not identified) | Mrs. Shakespeare's Supplemental Response to Interrogatory 1 | Requests 1, 8 |
| Mr. Shakespeare's tax records (2021 to present) | Mr. Shakespeare's Supplemental Responses to Interrogatories 4, 8, and 9 | Requests 1, 10, 13 |
| Mrs. Shakespeare's tax records for 2017-2019 | Mrs. Shakespeare's Supplemental Responses to Interrogatory 2 | Requests 1, 9, 12, and 13 |
| "Letter by hospital head staff apologizing for Defendants' incompetent service" | Mrs. Shakespeare's Response to Interrogatory 4 | Requests 1 and 13 |
| "Videos and text messages of Mr. Shakespeare's struggles right after discharge" | Mrs. Shakespeare's Response to Interrogatory 4 | Requests 1, 9, and 13 |
| Receipts or proof of purchase for toilet seat adjuster, wheelchair, walker, and "other items related to caring for a stroke patient who has no mobility in one side of his body" | Mrs. Shakespeare's Supplemental Response to Interrogatory 6 | Requests 1, 9, and 13 |
| Personnel files of Sonya Shakespeare | | Request No. 15 |
| Documentation related to Mr. Shakespeare's auto accident on December 9, 2022 | Mr. Shakespeare's Response to Interrogatory 2 | Request No. 1 |

| Documentation regarding Mrs. Shakespeare's alleged "loss of properties" | Mrs. Shakespeare's Response to Interrogatory 6 | Requests 1, 9, and 13 |
|---|---|---|
| All medical notes, records and reports of any marriage counselor or other mental health provider such as a psychiatrist, psychologist, licensed professional counselor, or pastoral counselor seen by Sonya Shakespeare for the ten (10) years preceding the occurrences referred to in the pleadings and subsequent to said occurrences in the pleadings | | Request 6 |

Importantly, many of these documents arguably support or disprove essential elements of Plaintiffs' claims. As of the date of this filing, such responses are more than 100 days overdue. Accordingly, Defendants move to compel Plaintiffs to produce the responsive documents identified in their interrogatory responses, to provide sufficient responses to Defendants' First Set of Interrogatories, to provide the information required by Rule 26(a)(2)(B)(iii) and (v). Finally, in light of the foregoing, Defendants move this Court to extend the current Case Management Order (D.E. 19) deadlines by thirty (30) days.

## ARGUMENT

### I. THIS COURT SHOULD COMPEL PLAINTIFFS TO FULLY RESPOND TO DEFENDANTS' DISCOVERY REQUESTS.

Rule 33(b)(1) of the Federal Rules of Civil Procedure requires a party responding to interrogatories to answer them "fully." *See* Fed. R. Civ. P. 33(b)(1). Failure to fully respond provides grounds for a motion to compel. *See* Fed. R. Civ. P. 37(a)(2)(B) and 37(a)(3). Likewise, pursuant to Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling an answer or production if a party "fails to produce documents or fails to respond that inspection will

be permitted – or fails to permit inspection – as requested under Rule 34." F.R.C.P. 37(a)(3)(B)(iii) & (iv). The party resisting or objecting to discovery bears the burden of showing why the Court should deny the motion to compel. *Swindell v. CACI NSS, Inc.*, No. 5:17-CV-00617-D, 2020 U.S. Dist. LEXIS 24056, at *14-15 (E.D.N.C. Feb. 10, 2020); *Pressley v. Boehlke*, 33 F.R.D. 316, 318 (W.D.N.C. 1963). To satisfy this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). As described herein, Plaintiffs have not fully responded to Defendants' discovery requests, and thus, this Court should compel them to do so.

### A. Defense Counsel Timely Conferred and Timely Attempted in Good Faith to Resolve the Discovery Disputes with Opposing Counsel.

In conjunction with filing Defendants' Motion to Compel, this district's Local Civil Rule 7.1(b) requires Defense Counsel to show that they "conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel." Local Civ. R. 7.1(b), W.D.N.C. Throughout the past months, Defense Counsel has repeatedly attempted in good faith to resolve areas of disagreement.

As addressed in their Statement of Facts, Defendants allowed Plaintiffs multiple extensions of time to fully respond to discovery requests and sent multiple emails and letters outlining their position. *See* **Ex. 3**; **Ex. 7**; **Ex. 12**; **Ex. 23**. Based on Plaintiffs' Counsel's response to Defense Counsel's June 23, 2023 email to the Court, Defendants anticipate that Plaintiffs will argue that Defendants' Motion to Compel is "premature," "uncalled for" and "made without so much as a phone conference to Plaintiffs' counsel." *See* **Ex. 27**; **Ex. 28**. Likewise, Defendants anticipate that Plaintiff will argue that "Defendants have also not produced documents that are due and Plaintiffs have agreed to an extension." *Id.* Without context, these positions misrepresent the

12

efforts undertaken by Defense Counsel to resolve areas of disagreement and the current status of discovery in this case.

First, Defense Counsel and Plaintiffs' Counsel spoke via telephone on April 14, 2023. This phone call occurred <u>after</u> Defense Counsel allowed Plaintiffs their first extension of time to respond to Defendants' discovery requests. Second, any argument that Defendants' Motion to Compel is "made without so much as a phone conference to Plaintiffs' counsel" wholly overlooks the multiple extensions of time Plaintiffs received from the Court and Defendants, as well as the multiple letters and emails from Defense Counsel outlining the gross deficiencies of Plaintiffs' discovery responses. Indeed, the first paragraph of Defense Counsel's May 11, 2023 letter states the following in no uncertain terms:

> We have received your clients' responses to Defendants' First Set of Interrogatories, and I have had the opportunity to review them. The Interrogatories were served on your clients on February 13, 2023. As a courtesy multiple extensions of time were granted such that their responses were not received until 80 days after service. Despite these extensions of time, their responses unfortunately consist of numerous and frankly baseless objections and are grossly insufficient. In order to avoid the necessity of my clients filing a motion to compel, please have your clients supplement their responses to the following Interrogatories within seven days of receiving this letter.

**Ex. 12**. This letter further provided the following:

> In addition to the deficient Interrogatory responses detailed above, we have not received any response to Defendants Requests for Production of Documents. Again, as of the date of this letter it has been eighty-seven (87) days since Plaintiffs were served with Defendants' First Set of Requests for Production. Many of their Interrogatory responses references documents and photographs that have not been produced, thus making it impossible to fully evaluate those Interrogatory responses. If we do not receive satisfactory responses by May 17, we will have no choice but to seek an Order compelling full responses to the Requests for Production. It will be our position that any potential objections have been waived due to the lack of a timely response.

> I regret having to send this letter, but even with the recent amendment to the Case Management Order, Plaintiffs' ongoing failure to comply with

13

discovery is prejudicial to my clients' ability to evaluate and defend this claim. Please know that this is a good faith effort to resolve these disputes prior to seeking intervention by the Court, but I do not feel that we have any other option at this juncture.

*Id.* Plaintiffs' Counsel responded to this letter on May 17, 2023. *See* **Ex. 17**. In her response, Plaintiffs' Counsel stated that "Plaintiffs will [ ] actively work to subpoena certain documents and will copy Defendants on those subpoenas." *Id.* To date, Defendants have not received copies of any subpoenas.

Plaintiffs served supplemental interrogatory responses on May 26, 2023. *See* **Ex. 17**; **Ex. 18**. These supplemental responses identified additional outstanding responsive documents. **Ex. 17**; **Ex. 18**. As such, on June 13, 2023, Defense Counsel sent another letter to Plaintiffs' Counsel addressing the status of discovery and requesting the responsive documents identified in Plaintiffs' interrogatory responses. *See* **Ex. 23**. To date, this letter remains unanswered, and many documents remain outstanding.

In sum, a careful review of the correspondence from Defense Counsel to Plaintiffs' Counsel underscores the extent of the effort undertaken by Defendants to timely attempt in good faith to resolve the ongoing discovery issues before seeking Court intervention. *See supra* Statement of Facts. However, such attempts proved unsuccessful. Thus, out of respect for the Court and the deadlines set forth in its most recent Case Management Order, and to minimize any additional prejudice to Defendants caused by Plaintiffs' delay in providing full responses to Defendants' discovery requests, Defendants felt it necessary to seek Court assistance in obtaining full responses.

Second, Plaintiffs' Counsel's representation to the Court that "Defendants have also not produced documents that are due" is simply not true. *See* **Ex. 27** (emphasis added). Plaintiffs did not serve their First Set of Requests for Production until most recently on June 9, 2023, and any

14

responses to these Requests would not be due until July 9, 2023. Fed. R. Civ. P. 33(b)(2). Nonetheless, upon receipt of these Requests, Defense Counsel promptly requested a 30-day extension of time to respond, and Plaintiffs' Counsel agreed. *See* **Ex. 22**. As such, Defense Counsel is unaware of any outstanding document production owed to Plaintiffs.

As further evidence of their good faith attempt to engage in the discovery process and accommodate Plaintiffs' Counsel's requests, Defendants note that they mailed imaging studies[2] to Plaintiffs' Counsel's office three times before finally mailing the studies to Plaintiffs' Counsel's house upon request. Indeed, Defendants mailed these studies to Plaintiffs' Counsel's office once on February 3, 2023, again on February 15, 2023, and again on March 16, 2023. Each time, FedEx returned the imaging studies to Defendants because no one was available at Plaintiffs' Counsel's office to sign for the studies, despite the fact that Plaintiffs' Counsel stated that she would be available on March 16, 2023 to sign and accept the imaging. *See* **Exhibit 30**, FedEx emails. Defendants then suggested that they deliver the imaging at Plaintiffs' depositions on April 21, 2023, but the Parties canceled these depositions to allow Plaintiffs additional time to respond to Defendants' discovery requests. *See* **Ex. 7**. On June 9, 2023, Plaintiffs' Counsel requested that Defendants mail the imaging to her home address, and Defendants accommodated this request. *See* **Exhibit 31**, June 9, 2023 email.[3] In short, Defendants have in good faith repeatedly attempted to accommodate Plaintiffs and their Counsel despite the fact that Plaintiffs repeatedly delayed responding to Defendants' discovery requests and despite the fact that many responsive documents identified in Plaintiffs' responses remain outstanding.

### B. Despite Attempts to Confer in Good Faith, Plaintiffs' Responses Remain Grossly Deficient.

#### i. Plaintiffs' Responses to Defendants' Requests for Production.

---

[2] Defendants identified these imaging studies in their Rule 26(a) Initial Disclosures.
[3] As a courtesy, Defendants redacted Plaintiffs' Counsel's home address from this exhibit.

As demonstrated in the Table above, Plaintiffs responses to Defendants' First Sets of Requests for Production remain grossly deficient. For example, as of the date of this filing, at least five separate sets of medical records and bills remain outstanding. This case concerns allegations of negligence, *i.e.*, medical malpractice; thus, without question, Plaintiffs' medical records and bills are subject to discovery. *See EEOC v. Dolgencorp, LLC*, No. 1:09CV700, 2011 U.S. Dist. LEXIS 35195, at *47-50 (M.D.N.C. Mar. 31, 2011) (citing *Fields v. West Virginia State Police*, 264 F.R.D. 260, 264 (S.D.W.Va. 2010) ("If a plaintiff has placed his or her mental or physical health in issue, then <u>any</u> records in the plaintiff's possession relating to that issue should be produced. . . . A party should promptly and without objection answer questions regarding health issues which that party places in issue." (emphasis added)); *Coffin v. Bridges,* 1995 U.S. App. LEXIS 34729, 1995 WL 729489, at *1, 3-4 (4th Cir. Dec. 11, 1995) (unpublished) (affirming district court's determination that medical records were subject to discovery where plaintiff sought damages for mental and emotional damages); *Carr v. Double T Diner,* Civil Action No. WMN-10-CV-00230, 2010 U.S. Dist. LEXIS 93001, 2010 WL 3522428, at *1-3 (D. Md. Sept. 8, 2010) (unpublished) (granting defendant's motion to compel discovery of plaintiff's medical records related to her mental health where plaintiff placed mental health at issue by seeking damages grounded in emotional distress); *Teague v. Target Corp.*, No. 3:06CV191, 2006 U.S. Dist. LEXIS 89945, 2006 WL 3690642, at *1-2 (W.D.N.C. Dec. 11, 2006) (unpublished) (granting defendant's motion to compel discovery regarding plaintiff's health care treatment along with medical records where plaintiff sought compensatory damages for emotional distress).

Similarly, as of the date of this filing, Plaintiffs produced tax records for Mr. Shakespeare for years 2018, 2019, and 2020, but not years 2021 to present. Likewise, Plaintiffs produced tax records for Mrs. Shakespeare for years 2016, 2020, and 2021, but not years 2017, 2018, and 2019.

Again, these documents are identified in Plaintiffs' interrogatory responses and are thus responsive to Defendants' First Sets of Requests for Production. *See* **Ex. 1**, Req. No. 1; **Ex. 2**, Req. No. 1; **Ex. 17**; **Ex. 18**. A description of additional responsive documents is set forth in the Table above. As these documents remain outstanding, this Court should compel Plaintiffs to produce the same.

Defendants anticipate that Plaintiffs will argue that "Defendants have requested a lot of documents that are in their control and custody," that Plaintiffs do not possess many of the responsive documents, and that this Court "cannot compel what they do not have." *See* **Ex. 27**; **Ex. 28**. This argument, however, is misplaced. Rule 34 requires the production of discoverable evidence within the possession, custody, or control of the party. Fed. R. Civ. P. 34(a), "Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, control, or the legal right to obtain the documents on demand." *Prodigious Ventures, Inc. v. YBE Hosp. Grp., LLC*, No. 5:14-CV-433-F, 2016 U.S. Dist. LEXIS 39512, at *13-14 (E.D.N.C. Mar. 25, 2016) (citing *Suntrust Mortg., Inc. v. Busby*, No. 2:09 CV10, 2009 U.S. Dist. LEXIS 133876, 2009 WL 5511215, at 1 (W.D.N.C. Dec. 18, 2009) (unpublished). Here, Defendants move to compel the responsive documents identified in Plaintiffs' interrogatory responses and "[a]ll medical notes, records and reports of any marriage counselor or other mental health provider such as a psychiatrist, psychologist, licensed professional counselor, or pastoral counselor seen by Sonya Shakespeare for the ten (10) years preceding the occurrences referred to in the pleadings and subsequent to said occurrences in the pleadings." **Ex. 2**, Req. No. 6. Again, these documents, which consist primarily of Plaintiffs' medical records, bills, and tax records, and each corresponding interrogatory response and requests for production are listed in the Table above. Despite Plaintiffs' Counsel's contention, Defendants do not have actual possession, custody, control, or the legal right to obtain <u>any</u> of these documents on demand. Plaintiffs,

however, have the legal right to obtain any and all of these documents. As such, the law deems these documents to be within Plaintiffs' possession. *Prodigious Ventures,* 2016 U.S. Dist. LEXIS 39512, at *13-14. In turn, any argument that Plaintiffs lack possession and that this Court cannot compel them to produce these documents is without merit. *Id.*

Plaintiffs' Counsel also objects to the scope of information sought by Defendants First Set of Interrogatories and Requests for Production. *See* **Ex. 1**; **Ex. 2**; **Ex. 17**. Specifically, Defendants seek Plaintiffs' medical information throughout a ten-year period, *i.e.* from 2013 to 2023. Plaintiffs object to this scope on the basis that it is not proportional to the needs of the case. **Ex. 1**; **Ex. 2**. This Court, however, has held that such scope is permissible when a plaintiff places his or her physical condition, emotional, and/or mental state at issue. *See Pressley v. Caromount Health, Inc.*, No. 3:09-CV-460-FDW-DSC, 2010 U.S. Dist. LEXIS 29423, 2010 WL 780053, at *3 (W.D.N.C. May 11, 2010) (granting motion to compel production of ten years of plaintiff's medical records where plaintiff "placed her emotional and mental state at issue"). Here, Plaintiffs allege claims for medical malpractice and negligent infliction of emotional distress, *inter alia*, and seek compensatory damages for the same. Without question, Plaintiffs placed their physical, emotional, and mental states at issue when they filed this lawsuit, and thus, this Court should compel them to produce the records requested by Defendants.

      **ii.**    **Plaintiff Colin Shakespeare's Interrogatory Responses.**

On January 20, 2023, the Court entered a Case Management Order (D.E. 14) tracking the language of Rule 33 of the Federal Rules of Civil Procedure and permitting each party to serve up to 25 interrogatories upon another party. Defendants served their First Sets of Interrogatories and Requests for Production on February 13, 2023. Defendants' First Set of Interrogatories to Mr. Shakespeare contain 23 interrogatories. Mr. Shakespeare served his interrogatory responses on

May 3, 2023 and May 26, 2023. **Ex. 9**; **Ex. 17**. While he responded to the first 17 interrogatories, he refused to respond to the remaining six interrogatories on the basis that Defendants exceeded the number of interrogatories allowed by Rule 33 and the Court's Case Management Order (D.E. 14). *See* **Ex. 17**; **Ex. 18**.

Rule 33(a) of the Federal Rules of Civil Procedure states that parties may propound 25 interrogatories "including all <u>discrete</u> subparts." *See* Fed. R. Civ. P. 33(a) (emphasis added). Two views exist as to what constitutes a "discrete subpart." *See Silvaris Corp. v. Leneskie*, 2006 U.S. Dist. LEXIS 112480, *1-4 (E.D.N.C. 2006) (citing *American Chiropractic Association, et al., v. Trigon Healthcare, Inc., et al.*, 2002 U.S. Dist. LEXIS 6199, 2002 WL 534459 at * 2, (W.D.Va., 2002) (unpublished opinion)). One view maintains that all subparts count as separate questions toward the interrogatory limit, and the other view holds that the court should decide whether "a subpart is logically or factually subsumed within and necessarily related to the primary question." *Silvaris Corp.*, 2006 U.S. Dist. LEXIS 112480, *1-4 (citing *Trigon*, 2002 U.S. Dist. LEXIS 6199, 2002 WL 534459 at * 2)). Here, the subparts of the interrogatories propounded by Defendants are necessarily related to the primary question. *See* **Ex. 1**. Moreover, Plaintiffs named three defendants in this lawsuit. As such, Defendants have a total of 75 interrogatories at their disposal. Even under the strictest interpretation counting each subpart as a separate question toward the interrogatory limit, Defendants have still not exceeded the interrogatory limit. *Silvaris Corp.*, 2006 U.S. Dist. LEXIS 112480, *1-4.

Nonetheless, in *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C. 1998), this District held that even when a party exceeds the permitted number of interrogatories, the responding party must object to the Court <u>prior</u> to responding to rely on the interrogatory limit. *See also Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D.

103, 104-105 (W.D.N.C. 1993). "Otherwise, 'the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information.'" *Silvaris Corp.*, 2006 U.S. Dist. LEXIS 112480, \*1-4 (quoting *Herdlein*, 147 F.R.D. at 104-105). "Any party which even partially responds to interrogatories without first objecting to the court that the number of interrogatories exceeds the limit established by a pre-trial order or the Federal Rules of Civil Procedure may be deemed to have waived the limit." *Silvaris Corp.*, 2006 U.S. Dist. LEXIS 112480, \*1-4 (quoting *Herdlein*, 147 F.R.D. at 104-105). As such, "the best course is for the party to object to all the interrogatories or file a motion for a protective order." *Silvaris Corp.*, 2006 U.S. Dist. LEXIS 112480, \*1-4 (citing *Herdlein*, 147 F.R.D. at 104-105). Further, pursuant to Rule 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *See* Fed. R. Civ. P. 33(b)(4) (emphasis added).

To date, Mr. Shakespeare has responded to Interrogatories 1 through 17 but has not filed a motion for protective order requesting relief from responding to Interrogatories 18 through 23. In accordance with *Capacchione*, 182 F.R.D. at 492, and *Herdlein,* 147 F.R.D. at 104-105, by partially responding to interrogatories without first objecting to the Court and seeking a protective order, Mr. Shakespeare may have waived any objection to the number of interrogatories propounded. Although he responded to Interrogatories 1 through 17, Mr. Shakespeare failed to serve his responses until May 3, 2023 and May 26, 2023. *See* **Ex. 9**; **Ex. 17**. By failing to timely object, Mr. Shakespeare waived <u>any ground</u> for objection unless the Court excuses such failure. *See* Fed. R. Civ. P. 33(b)(4). Accordingly, this Court should compel Mr. Shakespeare to respond to Interrogatories 18 through 23.

Finally, Defendants anticipate that Plaintiffs may argue that Mr. Shakespeare acted in good faith when he objected to the number of subparts in NHPMC's First Set of Interrogatories to him.

Ironically, though, Mr. Shakespeare's First Set of Interrogatories to NHPMC served on May 29, 2023 – well after Mr. Shakespeare served his initial responses to Defendants' First Set of Interrogatories on May 3, 2023 and three days after he served his supplemental responses on May 26, 2023 – contain 25 interrogatories, almost all of which contain subparts. *See* **Ex. 19**. Indeed, Interrogatories 10 and 18 each contain 13 subparts (a) through (m), and many other interrogatories contain at least five subparts. *Id*. The number of interrogatories and subparts propounded on NHPMC contradicts the exact objection asserted by Mr. Shakespeare in his responses. Arguably, such strategy calls into question the sincerity of any contention that Plaintiffs have a good faith basis for Mr. Shakespeare's objection.

## II.     THIS COURT SHOULD COMPEL PLAINTIFFS TO PROVIDE THE EXPERT REPORT INFORMATION REQUIRED BY RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 26(a)(2) governs the disclosure of expert testimony. *See* Fed. R. Civ. P. 26(a)(2). Subsection (B) provides the criteria that each expert report must contain. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Pursuant to subsection (B), each expert report must contain "any exhibits that will be used to summarize or support them," as well as "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition." Fed. R. Civ. P. 26(a)(2)(B)(iii) and (v). The expert reports that Plaintiffs served on June 23, 2023 do not contain any exhibits used to summarize or support the opinions therein or a list of cases from the past four years that the witnesses testified as an expert at trial. *See* **Ex. 29**. As such, these reports are deficient pursuant to Rule 26(a)(2)(B)(iii) and (v), and without such information, Defendants cannot meaningfully depose Plaintiffs' experts. Thus, this Court should compel Plaintiffs to produce such information.

### III. PLAINTIFFS' COUNSEL IS NOT ENTITLED TO FEES.

In her June 23, 2020 email, Plaintiffs' Counsel stated that she would "request fees" should Defendants move to compel Plaintiffs' outstanding discovery responses. *See* **Ex. 27**; **Ex. 28**. The decision to grant or deny a motion to compel is "generally left within a district court's broad discretion." Scott v. Iredell-Statesville Sch. Bd. of Educ., 2019 U.S. Dist. LEXIS 169687, *2 (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Rule 37(a)(5) governs the payment of expenses and protective orders and reads as follows:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.
>
> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

*See* Fed. R. Civ. P. 37(a)(5).

As demonstrated, substantial justification exists for Defendants' Motion to Compel, and there is no dispute that Defendants have in good faith conferred with and in good faith attempted to confer with Plaintiffs' Counsel – via telephone, email, and letters – without court assistance prior to filing their Motion to Compel. Likewise, no substantial justification exists for the fact that Plaintiffs' discovery responses are now more than 100 days overdue, and any objection regarding the number of interrogatories propounded by Defendants is not substantially justified pursuant to *Capacchione*, 182 F.R.D. 486, and *Herdlein*, 147 F.R.D. 103. As such, any argument that Plaintiffs' Counsel is somehow entitled to fees is without merit as fees are not warranted under these circumstances.

IV.  **THIS COURT SHOULD EXTEND ALL REMAINING CASE DEADLINES BY THIRTY (30) DAYS.**

The Court's current Case Management Order (D.E. 19) contains the following deadlines:

- Defendants' expert report(s): **July 21, 2023**
- Discovery completion: **August 25, 2023**
- Mediation report: **September 1, 2023**
- Dispositive motions: **September 12, 2023**

Defendants acknowledge that the Court's current Case Management Order (D.E. 19) states that "[f]urther extensions are unlikely to be allowed." However, in light of the current status of Plaintiffs' discovery responses, Defendants seek to extend these deadlines by thirty (30) days. Again, many of Plaintiffs' outstanding discovery responses arguably support or disprove essential elements of Plaintiffs' claims. Without complete responses, Defendants and their experts cannot meaningfully evaluate such claims and cannot adequately prepare to defend against the same. Coupled with the deficiencies in Plaintiffs' Expert Reports, Plaintiffs' delay in responding to Defendants' discovery requests has inherently prejudiced Defendants in their ability to defend this case. Accordingly, this Court should extend all remaining case deadlines by thirty (30) days.

23

## **CONCLUSION**

For the reasons above and the legal authorities cited herein, Defendants respectfully, and in good faith, seek an order compelling Plaintiffs to provide full responses to Defendants' First Sets of Interrogatories and Requests for Production of Documents and the information required by Rule 26(a)(2)(B)(iii) and (v), as well as an order extending the current case management deadlines by thirty (30) days.

This the 30 day of June 2023.

/s/ Erin H. Epley

ERIN H. EPLEY
N.C. State Bar No. 50690
E-mail: eepley@battenlee.com
BATTEN LEE PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Phone: (919) 439-2221
Facsimile: (919) 780-5382
*Attorney for Defendants Novant Health, Inc., The Presbyterian Hospital d/b/a Presbyterian Medical Center, and Fabiola Piercy*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the date set forth below, the undersigned electronically filed the foregoing Memorandum of Law in Support of Defendants' Motion to Compel and Motion to Extend Case Deadlines with the Clerk of Court using the CM/ECF system which will send notification via electronic mail to the following parties who are CM/ECF filers or represented by counsel who are CM/ECF filers.

Sharika M. Robinson
E-mail: srobinson@sharikamrobinsonlaw.com
THE LAW OFFICES OF SHARIKA ROBINSON, PLLC
10230 Berkley Place Drive, Suite 220
Charlotte, NC 28262
*Attorney for Plaintiffs*

This the <u>30</u> day of June 2023.

/s/ Erin H. Epley
ERIN H. EPLEY
N.C. State Bar No. 50690
E-mail: eepley@battenlee.com
BATTEN LEE PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Phone: (919) 439-2221
Facsimile: (919) 780-5382
*Attorney for Defendants Novant Health Inc., The Presbyterian Hospital d/b/a Presbyterian Medical Center and Fabiola Piercy*

25