# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:22-cv-00317-FDW

COLIN SHAKESPEARE and SONYA SHAKESPEARE,

    Plaintiff,

v.

NOVANT HEALTHCARE INC., THE PRESBYTERIAN HOSPITAL d/b/a PRESBYTERIAN MEDICAL CENTER and FABIOLA PIERCY,

    Defendants.

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO COLIN SHAKESPEARE**

TO: **Colin Shakespeare**
    By and through counsel of record:
    Sharika M. Robinson
    THE LAW OFFICES OF SHARIKA ROBINSON, PLLC
    10230 Berkley Place Drive, Suite 220
    Charlotte, NC 28262

Without waiving any and all defenses identified in Defendants' Answer to Plaintiff's First Amended Complaint, please take notice that these interrogatories are propounded pursuant to Rule 33 of the Federal Rules of Civil Procedure and should be answered under oath within thirty (30) days from the date of service.

Further, please take notice that these interrogatories are continuing in nature and that any information acquired after your answers have been served upon adverse counsel, should, as soon as possible after its acquisition, be supplied to adverse counsel by way of written supplemental answers to these interrogatories.

## INSTRUCTIONS

    A.    All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees or other representatives of the named party and his attorney.

1

B. A "medical practitioner" as used in these interrogatories is meant to include any medical doctor, osteopathic physician, podiatrist, doctor of chiropractic, naturopathic physician or other person who performs any form of healing art.

C. Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

## INTERROGATORIES

1. Please identify by name and address of each and every physician or other healthcare provider/institution which provided medical care (including but not limited to physical care, mental care, and pharmacies), or from whom Plaintiff Colin Shakespeare sought medical care, treatment, and/or filled prescriptions, for the past ten (10) years.

**ANSWER:**

2. To the extent not identified in your response to Interrogatory No. 1, if Colin Shakespeare has ever had any serious illness, sickness, mental condition, disease, or surgical operation (including but not limited to automobile accidents, hospitalizations, and injuries suffered on the job), please identify the condition, the treatment, the date, the location, the name of the healthcare provider or institution involved, whether a claim or lawsuit was made as a result, and if so the name of the insurer, the caption of any suit filed, and a detail of the resolution of the claim.

**ANSWER:**

3. To the extent not previously disclosed, identify the full name, last known address, and telephone number of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding or arising out of the events referred to in the First Amended Complaint, any of the events leading up to the allegations in the First Amended Complaint, or related events occurring thereafter including, but not limited to, eyewitnesses to such events, as well as medical witnesses and other persons having any knowledge thereof.

**ANSWER:**

4. To the extent not previously disclosed, identify with specificity each and every document which you relied on in answering these interrogatories, you contend supports your claims in this action, and all documents, materials, and other evidence which you intend to use at the trial in this action. If you are asserting that any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**ANSWER:**

5. Have you or do you know of anyone, including these Defendants and their agents and employees, who has ever made any written, oral, or recorded statement related to the events

which you complain of in this action other than the medical records in this case? If so, please state when the statement was given or prepared, a summary of the statement, who has possession of the statement, whether there are copies of the document (if applicable) and the identity (including name, address, and phone number) of the persons having possession of the copies of the document (if applicable).

**ANSWER:**

6. Identify a list of diaries, calendars, logs, photographs, drawings, diagrams, timelines, plats, blueprints, videos, charts, graphs, sketches, or other prepared documents in your possession or in the possession of counsel for Plaintiff that relate to any claims asserted in this case (including your claim for damages). Include in your description when and by whom the documents were prepared. If you are asserting that any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**ANSWER:**

7. Identify by name, address, and professional occupation each person who you expect to call as an expert witness at the trial of this action.

**ANSWER:**

8. Please give a fully itemized account of all losses and expenses which you claim were incurred by you as a result of the alleged acts of negligence of these Defendants. Your answer should include, but is not limited to, those losses and expenses which are attributable to medical care such as hospitals, nurses, medicines, medical appliances, loss of earnings, loss of earning capacity, as well as any other losses that you are claiming as set forth in your First Amended Complaint.

**ANSWER:**

9. Please give a fully itemized account of all amounts actually paid to satisfy any and all medical expenses identified in response to Interrogatory No. 8, regardless of source of payment and all amounts actually necessary to satisfy those medical expenses identified in response to Interrogatory No. 8 which have been incurred but not yet satisfied.

**ANSWER:**

10. Please identify with particularity any and all communication that you, or anyone acting on your behalf, has had with any hospital, physician, or any other provider of medical care, medicines, medical appliances, or with any other entity regarding the satisfaction or negotiation of any medical expenses identified in response to Interrogatory No. 8.

**ANSWER:**

11. Identify any document made by Defendant, or by employees or agents of Defendant, other than Colin Shakespeare's medical records that you have or had in your possession, custody, or control or which Plaintiff's counsel has or had in his possession, custody, or control. If you are asserting that any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**ANSWER:**

12. Detail whether Colin Shakespeare has ever been arrested and/or charged with a criminal offense and if so, describe the nature of the offense, the date of the offense, the location of the Court that adjudicated the offense, whether he was convicted, and the sentence.

**ANSWER:**

13. Please state Colin Shakespeare's full name (including all previous legal names, nicknames and aliases), current address, date and place of birth, Social Security number, and Medicare or Medicaid Health Insurance Claim Number ("HICN").

**ANSWER:**

14. Identify by date, author, location, and citation (if applicable) any State or Federal code, regulation, statute, custom, or standard which you contend Defendants violated and state with particularity, the documents upon which you are relying, the facts upon which you are relying, and the witnesses you will use to allege such violations.

**ANSWER:**

15. Do you contend that any of Colin Shakespeare's treating physicians or healthcare providers were critical of the care and/or treatment rendered by these Defendants (or their agents and employees) to Colin Shakespeare? If your answer is anything other than an unequivocal "no," please set identify, the person(s) who made each such statement, the substance of each statement, the person(s) present when the statement was made, the time, date, and place each such statement was made, and whether the statement was in writing. If you are asserting that any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**ANSWER:**

16. Identify your contentions regarding all the causes of Colin Shakespeare's alleged injury or injuries. List the complete medical, factual, and legal basis for your contentions regarding the injury, including specifically how you contend the defendants caused or contributed to his

4

injury to a reasonable degree of medical certainty. If you do not make such a contention, please state so affirmatively.

**ANSWER:**


17. State the name and address of each school, college, or educational institution that Colin Shakespeare attended, listing the dates of attendance, the courses of study and degrees received.

**ANSWER:**


18. Identify all sources of income for Colin Shakespeare for the past 10 years, including but not limited to wages from employment and investment income of any type, and his annual expenses.

**ANSWER:**


19. Please state whether Colin Shakespeare was at any time entitled to Medicare, Social Security, Railroad Retirement Board, Veterans or Indian Affairs, TriCare (Champus) benefits either through his own qualification or qualification by virtue of relation to someone else.

**ANSWER:**


20. Please state whether Colin Shakespeare, or anyone on his behalf, ever applied for Medicare, Social Security or any other type of disability benefits from any source private, state or Federal source. If such an application has been made, please list the alleged date of onset of any disability, any date Colin Shakespeare was declared disabled, and any date of entitlement to disability benefits. If Colin Shakespeare or anyone on his behalf, has applied for or received disability benefits more than once, please describe each application, determination and/or receipt separately.

**ANSWER:**


21. Please identify with particularity any and all communication you or, or anyone acting on behalf of Colin Shakespeare, has had with any private entity of any state or Federal Agency regarding the creation, existence, satisfaction or negotiation of any lien arising out of the provision of medical services for Colin Shakespeare in connection with the events described in the First Amended Complaint.

**ANSWER:**


22. Please identify any party holding a contingency interest in the outcome of this case

5

(excluding any arrangement with counsel should one exists). This shall include medical providers, financial companies, finance lenders of any kind, banks, governmental entities, and other such individuals and/or entities and information or documents concerning this incident and/or litigation between Plaintiffs and said individuals and/or entities.

**ANSWER:**

23. State with specificity the complete medical, factual, and legal bases that support your claim for punitive damages.

**ANSWER:**

These interrogatories shall be deemed continuing so as to require supplemental answers prior to trial.

This the 13th day of February 2023.

        BATTEN LEE PLLC

        BY:   /s/ Gary Adam Moyers
                  Leigh Ann Smith (NC Bar # 22063)
                  Gary Adam Moyers (NC Bar #28704)
                  *Attorneys for Novant Health Inc., The Presbyterian Hospital d/b/a Presbyterian Medical Center and Fabiola Piercy*
                  4141 Parklake Avenue
                  Suite 350
                  Raleigh, NC 27612
                  Phone: (919) 439-2221
                  Fax: (919) 780-5382
                  lsmith@battenlee.com
                  amoyers@battenlee.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below, the undersigned served the foregoing document to all parties of record through electronic mail as follows:.

Sharika M. Robinson
E-mail: srobinson@sharikamrobinsonlaw.com
THE LAW OFFICES OF SHARIKA ROBINSON, PLLC
10230 Berkley Place Drive, Suite 220
Charlotte, NC 28262
*Attorney for plaintiffs*

This 13th day of February 2023.

        BATTEN LEE PLLC

BY:   /s/ Gary Adam Moyers
       Leigh Ann Smith (NC Bar # 22063)
       Gary Adam Moyers (NC Bar #28704)
       *Attorneys for Novant Health Inc., The Presbyterian Hospital d/b/a Presbyterian Medical Center and Fabiola Piercy*
       4141 Parklake Avenue
       Suite 350
       Raleigh, NC 27612
       Phone: (919) 439-2221
       Fax: (919) 780-5382
       lsmith@battenlee.com
       amoyers@battenlee.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:22-cv-00317-FDW

COLIN SHAKESPEARE and SONYA
SHAKESPEARE,

        Plaintiff,

v.

NOVANT HEALTHCARE INC., THE
PRESBYTERIAN HOSPITAL d/b/a
PRESBYTERIAN MEDICAL CENTER and
FABIOLA PIERCY,

        Defendants.

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO COLIN SHAKESPEARE**

TO: **Colin Shakespeare**
   By and through counsel of record:
   Sharika M. Robinson
   THE LAW OFFICES OF SHARIKA ROBINSON, PLLC
   10230 Berkley Place Drive, Suite 220
   Charlotte, NC 28262

Without waiving any and all defenses identified in Defendants' Answer to Plaintiff's Complaint, Defendants herewith serve upon you the following request for production of documents in the possession, custody or control of plaintiff, pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are requested to produce or permit the defendants or someone acting on their behalf to inspect and copy the following documents:

## REQUESTS FOR PRODUCTION

  1. Any and all documents or things referred to in any interrogatories served on you in this action or in your answers thereto. If you are asserting that any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**RESPONSE:**

  2. Any signed or unsigned statements by any witnesses or persons (including any representative, agent, servant or employee of the person or persons serving this Request) having knowledge of any of the matters set forth in the pleadings in this action. If you are asserting that

1

any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**RESPONSE:**


3. All recordings, memoranda or reports made of interviews with any persons (including any representative, agent, servant, or employee of the person or persons serving this Request) who are witnesses or who have any knowledge relating to the matters set forth in the pleadings in this action. If you are asserting that any responsive document is privileged, please detail the specific privilege asserted as to each such document.

**RESPONSE:**


4. Any and all photographs, motion pictures, videotape, drawings, diagrams, or representations of any kind relating to or involved in this action including the issues of damages and liability herein. This Request includes any and all documents and or audio and video records relating to conversations between agents or employees of Defendants and your family regarding the events referred to in the First Amended Complaint and photographs and/or video images of Colin Shakespeare before and after the incidents alleged in the First Amended Complaint.

**RESPONSE:**


5. Consistent with Rule 26(a)(2) of the Federal Rules of Civil Procedure, produce a report from any witness retained or specifically employed to provide expert testimony in this case or one whose duties as the party's employee regularly involve giving expert testimony. For each such witness the report must contain:

   a. A complete statement of all opinions the witness will express and the basis and reasons for those opinions;
   b. The facts or data considered by the witness in forming his or her opinions;
   c. Any exhibits that will be used to summarize or support the witness's opinions;
   d. The witness's qualifications, including a list of all publications authored in the previous ten (10) years;
   e. A list of all other cases in which, during the previous four (4) years, the witness testified as an expert at trial or by deposition; and
   f. A statement of the compensation to be paid for the study and testimony of the case.

**RESPONSE:**


6. Any and all exhibits which you intend to introduce or refer to at the trial of this action, including but not limited to Please produce a copy of any treatise, journal article, scholarly literature, healthcare organization literature or other written material which you intend to use at

trial.

**RESPONSE:**

7. All medical notes, records and reports; hospital notes, records, charts and reports, laboratory records and reports; x-rays, films, MRIs, CT-scans, and related radiology reports; physicians' notes, records and reports; records of all pharmacies, drug stores, discount stores, supermarkets, and and/or mail order outlets for all prescription medications; and all other notes, records or reports relative to any medical treatment, diagnosis, prognosis or examination of Colin Shakespeare for the ten (10) years preceding the occurrences referred to in the pleadings and subsequent to said occurrences in the pleadings.

**RESPONSE:**

8. All medical bills, including, but not limited to, hospital bills, doctor bills and drug bills, relating to the injuries of Colin Shakespeare you allege or contend resulted from the matters set forth in the pleadings in this action and for which you seek to recover damages in this action, a copy of any and all documentation and/or other evidence regarding payments actually made to satisfy these bills, and a copy of any and all documentation and/or other evidence regarding anticipated payments of amounts actually necessary to satisfy the bills which have been incurred but have not yet been satisfied. This Request specifically seeks, but is in no way limited to, a copy of insurance "Explanation of Benefits" or similar document(s).

**RESPONSE:**

9. A copy of all correspondence and/or documentation of any other communication that Plaintiff, or anyone acting on behalf of Colin Shakespeare, has had with any hospital, physician, or any other provider of medical care, medicines, medical appliances, or with any other entity regarding the satisfaction or negotiation of any medical expenses.

**RESPONSE:**

10. Any and all data, records and documents relating to or reflecting (or upon which you rely to prove or which you used or which are necessary to compute) any of your alleged damages or any element thereof including but not limited to your claims for lost income, loss of services, loss of society, companionship, and sexual gratitude and affection. This request includes statements of any and all other expenses which you will allege that Plaintiff incurred due to the events alleged in the First Amended Complaint, and any and all documents which you contend will support or document your claim for damages.

**RESPONSE:**

3

Case 3:22-cv-00317-FDW-DCK   Document 24-1   Filed 06/30/23   Page 11 of 15

11. A copy of any and all documents which relate to any disability claims filed by or on behalf of Colin Shakespeare with the Social Security Administration, any other State or Federal governmental agency, any insurance company, or any other private entity, including but not limited to all applications, claims, medical records, reports, rulings, and determinations. This request includes, but is not limited to, any materials generated in connection with Social Security Disability, Medicare/Medicaid, Railroad Retirement Board, Veterans or Indian Affairs, and/or TriCare (Champus) benefits.

**RESPONSE:**

12. Please produce any materials between Colin Shakespeare, or anyone acting on his behalf, and any entity charged with managing any medical liens, including but not limited to Medicaid liens, the Centers for Medicare and Medicaid Services ("CMS"), any other CMS third party administrator, and any state, Federal or other private liens. This request specifically seeks production of correspondence to or from CMS, its designee, any other lien holder from Colin Shakespeare or his agent seeking preliminary and/or final determination of the status of the Medicaid lien or any other lien and the actual correspondence from the appropriate agency in response.

**RESPONSE:**

13. Any and all documents which reflect any monies earned by Colin Shakespeare during the past ten (10) years, including but not limited to all tax returns, federal and state filed by Colin Shakespeare or on his behalf.

**RESPONSE**:

14. To the extent not produced in response to any previous Request for Production, please produce any and all documents that you have in your control, which contain information that is relevant or material to the subject matter of this action or that relates or refers to you, or the Defendants, including any and all documents containing information that is relevant or material to any of your allegations.

**RESPONSE:**

15. Please produce any and all diaries, journals, calendars, or logs which relate to, discuss, or refer to any of the issues in this lawsuit including but not limited to documentation from your family.

**RESPONSE:**

16. Please produce Colin Shakespeare's personnel file for all of his employers (if any) for the past ten (10) years.

**RESPONSE:**

17. Please provide any documents, agreements, contracts, correspondence, memoranda, reports or other writings, including the underwriting file, which in any way reflect on or relate to Plaintiffs' engagement with non-party litigation financial companies or other non-parties holding a contingency interest in this action as described in First Set of Interrogatories No. 23.

**RESPONSE:**

## CONCLUSIONS AND DEFINITIONS

A. Each of these Requests is deemed to be a continuing Request so as to require you to file supplementary responses if you obtain further or different documents or things between the time your responses are served and the time of trial.

B. In answering these Requests, furnish such documents and things as are available to you, not merely such documents and things as are in your possession or control. This means you are to furnish documents and things which are available to or in the possession or control of your employees, representatives, experts, witnesses, servants or agents, including your attorney (unless privileged) or any agent or investigator for you or your attorney (unless privileged).

C. The pronoun "you" refers to the party to whom these Requests are addressed and his employees, representatives, experts, witnesses, servants, agents and attorneys of said party.

D. The word "person" means any natural person, firm, corporation, partnership, joint venture or any other entity.

E. It is requested that if any of these Requests or portions thereof cannot be responded to fully, such shall be answered (or responded to) to the extent possible, with the reasons for not responding more fully.

F. Unless otherwise indicated, these Requests refer to the time, place and circumstances of the occurrences mentioned or referred to in the pleadings.

G. The words "document" and "documentation" mean any original, reproduction, copy and non-identical copies (whether by reason of alterations or marginal notes) of any typed, printed, graphic, drawn, recorded or written paper, matter, correspondence, memoranda, reports, notes, letters, telegrams, studies, messages, analyses, comparisons, books, magazines, newspapers, booklets, circulars, bulletins, notes, instructions, minutes, communications, questionnaires, surveys, charts, graphs, drafts or any of the foregoing, and tape or other electronic compilations from which information can be obtained.

H. COUNSEL IS REMINDED THAT A WRITTEN RESPONSE TO THIS REQUEST IS REQUIRED BY RULE 34(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

It is requested that the aforesaid production be made thirty (30) days from the date of service at the offices of Batten Lee PLLC, 4141 Parklake Avenue, Suite 350, Raleigh, North

Carolina, 27612.

This the 13th day of February 2023.

                       BATTEN LEE PLLC

BY:    /s/ Gary Adam Moyers
        Leigh Ann Smith (NC Bar # 22063)
        Gary Adam Moyers (NC Bar #28704)
        *Attorneys for Novant Health Inc., The Presbyterian Hospital d/b/a Presbyterian Medical Center and Fabiola Piercy*
        4141 Parklake Avenue
        Suite 350
        Raleigh, NC 27612
        Phone: (919) 439-2221
        Fax: (919) 780-5382
        lsmith@battenlee.com
        amoyers@battenlee.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below, the undersigned served the foregoing document to all parties of record through electronic mail as follows:.

Sharika M. Robinson
E-mail: srobinson@sharikamrobinsonlaw.com
THE LAW OFFICES OF SHARIKA ROBINSON, PLLC
10230 Berkley Place Drive, Suite 220
Charlotte, NC 28262
*Attorney for plaintiffs*

This 13th day of February 2023.

        BATTEN LEE PLLC

        BY:   /s/ Gary Adam Moyers
                Leigh Ann Smith (NC Bar # 22063)
                Gary Adam Moyers (NC Bar #28704)
                *Attorneys for Novant Health Inc., The Presbyterian Hospital d/b/a Presbyterian Medical Center and Fabiola Piercy*
                4141 Parklake Avenue
                Suite 350
                Raleigh, NC 27612
                Phone: (919) 439-2221
                Fax: (919) 780-5382
                lsmith@battenlee.com
                amoyers@battenlee.com