# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-317-FDW-DCK

| | |
|---|---|
| **COLIN SHAKESPEARE** and **SONYA JACKSON-SHAKESPEARE,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **NOVANT HEALTH, INC., PRESBYTERIAN HOSPITAL,** and **FABIOLA PIERCY,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Compel And Motion To Extend Case Deadlines" (Document No. 23) filed June 30, 2023, and "Defendants' Motion For Protective Order" (Document No. 28) filed July 28, 2023. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions and the record, the undersigned will <u>grant</u> the motions.

## I. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## II. DISCUSSION

By the pending motions, Defendants seek to compel complete discovery responses from Plaintiffs; to extend the case deadlines; and to obtain protection from being required to testify in a Rule 30(b)(6) deposition on questions related to racial discrimination and Defendants' internal reviews and decisions.

**A. Motion To Compel**

Defendants seek to compel Plaintiffs to provide: (1) sufficient responses to Defendants' First Set of Interrogatories, as well as responsive documents identified in Plaintiffs' discovery responses; and (2) expert witness information required by Fed.R.Civ.P. 26(a)(2)(B)(iii) and (v). (Document No. 23, p. 1).

In their "Memorandum Of Law…" Defendants include the following summary of the case:

> This is a medical malpractice case arising from alleged events occurring on or before January 9, 2020 at Defendant Novant Health Presbyterian Medical Center ("NHPMC") in Charlotte, North Carolina. *See generally*, D.E. 3. Specifically, Plaintiffs Colin

2

> Shakespeare and Sonya Shakespeare ("Plaintiffs") allege that Mr. Shakespeare presented to NHPMC on January 8, 2020 and suffered an ischemic stroke moments after arrival. D.E. 3 ¶ 6. As the basis for their Complaint, Plaintiffs allege that, the following day, Defendant Fabiola Piercy, R.N. ("Nurse Piercy") caused Mr. Shakespeare to suffer a second stroke when she administered two boluses of hydralazine, and that NHPMC, as Nurse Piercy's employer, is liable on the basis of *respondeat superior*. *Id.* ¶¶ 4-5, 13-17. Additionally, Plaintiffs allege claims for negligent infliction of emotional distress, negligent hiring and supervision, loss of consortium, alienation of affection, and punitive damages. *Id.* ¶¶ 53-78.

(Document No. 24, pp. 1-2).

1. <u>Responses To Discovery Requests</u>

Defendants note that they served a First Set of Interrogatories and Requests for Production on Plaintiff Colin Shakespeare ("Mr. Shakespeare") and on Plaintiff Sonya Shakespeare ("Mrs. Shakespeare") (together, "Plaintiffs"), on February 13, 2023. (Document No. 24, p. 2) (citing Document Nos. 24-1 and 24-2). Plaintiffs eventually provided responses to the interrogatories on May 4, 2023. (Document No. 24, p. 4) (citing Document Nos. 24-9 and 24-10). On May 16, 2023, Plaintiffs provided responses to the First Set of Requests for Production. (Document No. 24, pp. 4-5) (citing Document Nos. 24-14 and 24-15). Plaintiffs later provided some supplemental interrogatory responses. (Document No. 24, p. 5) (citing Document Nos. 24-17 and 24-18).

As of the filing of the motion to compel, Defendants contend the following discovery responses are deficient: (1) medical records, medical bills, tax records, and other documents identified in Plaintiffs' interrogatory responses; (2) Mr. Shakespeare's responses to Interrogatories Nos. 8, 9, and 18 through 23; (3) Mr. Shakespeare's Responses to Defendants' Requests for

3

Production Nos. 1, 8, 10, and 13; and (4) Mrs. Shakespeare's Responses to Defendants' Requests for Production Nos. 1, 6, 7, 9, 12, 13, and 15.[1]  (Document No. 24, p. 9).

Defendants argue that they are entitled to full responses to their discovery requests. (Document No. 24, p. 11) (citing Fed.R.Civ.P. 33(b) and 37(a)).  Defendants assert that they timely conferred and attempted to resolve the pending discovery disputes with opposing counsel, but that Plaintiffs' responses remain "grossly deficient."  (Document No. 24, pp. 11-21).

Defendants note that Mr. Shakespeare responded to the first seventeen (17) interrogatories, but objected to the remaining six (6) interrogatories "on the basis that Defendant exceeded the number of interrogatories allowed by Rule 33 and the Court's Case Management Order." (Document No. 24, p. 19).  Defendants were allowed twenty-five (25) interrogatories, but propounded twenty-three (23).  See (Document No. 14, p. 2;  Document No. 24, pp. 18-21; Document No. 24-9).  Defendants suggest that even if some of their interrogatories include subparts, they are "necessarily related to the primary question, and that in total, Defendants had seventy-five (75) interrogatories at their disposal [25 X 3 Defendants].  (Document No. 24, p. 19) (citations omitted).

In response, Plaintiffs repeatedly assert that Defendants failed to follow proper procedures pursuant to the Case Management Order regarding discovery disputes and conferences with the Court. (Document No. 26); see also (Document No. 14, p. 4).  Plaintiffs also seem to suggest that even if interrogatory responses were deficient, such deficiency is excused because the requested information was provided through other discovery, including depositions.  (Document No. 26, pp. 6-8).  "Plaintiffs' Response…" does *not* argue that Defendants exceeded the allowed number of interrogatories.  (Document No. 26).

---

[1] Defendants later assert that "this Court should compel Mr. Shakespeare to respond to Interrogatories 18 through 23," but does not mention Interrogatories 8 and 9.  (Document No. 24, p. 20).

4

After review of the parties' briefs, including "Defendants' Reply…," the undersigned is persuaded that the pending motion to compel should be granted with modification as follows.

Plaintiffs shall promptly provide full responses, or confirm that their responses are complete, to Defendants' discovery requests, including:  Interrogatories 18-23 served on Mr. Shakespeare, *except No. 18 may be limited to sources of income since January 1, 2015*;  Requests for Production of Documents to Mr. Shakespeare Nos. 1, 8, 10 and 13, *except No. 13 may be limited to state and federal tax returns since January 1, 2015*;  and Requests for Production of Documents to Mrs. Shakespeare Nos. 1, 6, 7, 9, 12, 13, 15, *except No. 6 may be limited to records and reports since January 1, 2015, No. 12 may be limited to state and federal tax returns since January 1, 2015, and No. 15 may be limited to files since January 1, 2015*.  See (Document No. 24-17;  Document No. 24-14;  Document No. 24-15).

Plaintiffs shall supplement their discovery responses as directed above and confirm with Defendants' counsel that such discovery responses are complete on or before **September 27, 2023**.

2. Expert Witness Information

Next, Defendants contend that Plaintiffs have failed to provide all the information required by Fed.R.Civ.P. 26(a)(2) regarding expert testimony.  (Document No. 24, p. 21).  Defendants assert that Plaintiffs' expert reports are deficient because they "do not contain any exhibits used to summarize or support the opinions therein or a list of cases from the past four years that the witness testified as an expert at trial." Id. (citing Fed.R.Civ.P. 26(a)(2)(B)(iii) and (v)).

Plaintiffs' response fails to specifically address Defendants' argument or otherwise provide any reason their expert reports should not comply with Fed.R.Civ.P. 26.  See (Document No. 26, p. 10).

Based on the foregoing, Plaintiffs are directed to provide the information required by Rule 26 on or before **September 15, 2023**.

3. Case Deadlines

To the extent Defendants seek to extend the existing case deadlines, the undersigned will extend the discovery completion deadline to **September 27, 2023** – *only* for the completion and supplementation of discovery requests already pending. The dispositive motions deadline is extended to **October 11, 2023**.

**B. Motion For Protective Order**

Defendants' other pending motion seeks "to protect Defendants from having to respond to Plaintiffs' requests for information relating to racial discrimination, as set forth in the list of topics identified in Plaintiffs' Notice of 30(b)(6) Deposition of Defendant Novant Health Presbyterian Medical Center." (Document No. 28, p. 1). Defendants assert that the "Amended Complaint" (Document No. 3) "does not allege a claim for racial discrimination and such information is accordingly not relevant to this lawsuit and, thus, would place an undue burden and expense on Defendants should Defendants be required to respond to and defend against the same." Id.

The undersigned is familiar with this issue after holding a telephone conference with the parties' counsel on August 23, 2023, related to these deposition topics. At the conclusion of that telephone conference, the Court directed counsel to proceed with the deposition as to the topics that were *not* in dispute and, aware of this pending motion, declined to require Defendants' Rule 30(b)(6) witness to answer questions about racial discrimination. The Court will now re-visit this issue/dispute based on the fully briefed "…Motion For Protective Order."

"Plaintiffs' Notice Of Deposition…" includes the following topics:

> 1. Practices, policies, customs and procedures of the Hospital, including, but not limited to; admission, nursing of people with

> strokes and the elevation and monitoring of blood pressures, the internal review of malpractice, and the collection of evidence, the decision to validate claims, and/or if there is any modifications in processes.
>
> 2. Discipline of medical caregivers who have been found to violate policies.
>
> 3. Complaints against the Hospital and its agents, both internal and external, relating to care, treatment, admission, and/or **racial discrimination**.
>
> 4. Lawsuits filed against, or settlements reached by the Hospital regarding or relating to care, treatment, admission, and/or **racial discrimination**.
>
> 5. Policies, practices, customs and procedures regarding the care, treatment, admission, and/or **racial discrimination**, with a special focus on st[r]oke patients, and generally to the entire population of patients.
>
> 6. The events surrounding and including the admission and treatment of Mr. Shakespeare, including, but not limited to, any investigations into the person involved, disciplinary actions taken, and changes in policy, practice or procedure stemming from the incident.
>
> 7. Topics related to the employment of critical nursing and physician staff, inclusive of training and placement at Defendants' facility.

(Document No. 29-1, p. 3)(emphasis added).

In support of their motion, Defendants note that the Amended Complaint "purports to allege claims for negligence, *i.e.*, medical malpractice, negligent infliction of emotional distress, alienation of affection, loss of consortium, negligent hiring and supervision, and punitive damages." (Document No. 29, p. 1) (citing Document No. 3, ¶¶ 45-78). Defendants further note that the deadline to amend any pleadings expired on March 17, 2023. (Document No. 29, pp. 1-2) (citing Document Nos. 14 and 19).

7

Defendants also note that Plaintiffs' experts did not address racial discrimination in their reports or in their deposition testimony. (Document No. 29, p. 3). The only time Defendants identify that race came up was during a brief exchange during Mr. Shakespeare's deposition testimony. See (Document No. 29, pp. 3-5).

Defendants argue that because the Amended Complaint fails to allege racial discrimination, or any discrimination, such questions are not relevant to Plaintiffs' medical malpractice case. (Document No. 29, pp. 7-9). Defendants contend that Mr. Shakespeare's "deposition testimony is insufficient to allege a claim for racial discrimination"; moreover, if Plaintiffs "intended to allege racial discrimination, they should have moved to amend their pleadings before March 17, 2023." (Document No. 29, p. 11)

In addition to questions about racial discrimination, Defendants also seek protection from questions related to "internal review of malpractice, collection of evidence, the decision to validate claims, and/or if there is any modifications in process." (Document No. 29, p. 12). As such, Defendants seek protection from topic numbers 2, 3, 4, and 6 in Plaintiff's Notice of 30(b)(6) deposition. Id.

In support of these limitations, Defendants argue as follows.

> Topics 2, 3, 4, and 6 are protected from disclosure pursuant to both state and federal law. *See* N.C. Gen. Stat. §§131E-95; 42 U.S.C. § 299. Likewise, "the internal review of malpractice, and the collection of evidence, the decision to validate claims, and/or [ ] any modifications in processes" described in Topic 1 are protected from disclosure pursuant to both state and federal law. *Id.* . . . Additionally, said topics encompass information gathered by credentialing committees which are similarly protected from disclosure pursuant to N.C. Gen. Stat. § 131E-95. These topics further encompass information concerning confidential settlements of claims and/or lawsuits which are confidential by agreement. Finally, said topics encompass information that constitutes patient safety work product which is protected from disclosure pursuant to 42 U.S.C. § 299. Accordingly, Defendants are entitled to an order

8

> protecting them from being unduly burdened by having to respond and provide information related to these topics. *See* Fed. R. Civ. P. 26(c).

(Document No. 29, p. 13).

"Plaintiffs' Response To Defendants' Motion For Protective Order" is vague and concise, and fails to directly address Defendants' arguments or legal authority. (Document No. 30). Plaintiffs suggest that their discovery is "proportional to the needs of the case," and that the "depositions and the scope of the depositions are not something that a deponent needs protection from." (Document No. 30, p. 2). Plaintiffs contend that they are only asserting "simple questions about the treatment of patients who look like my client" and that "Defendants' haste to suppress such testimony and evidence is premature and unconventional." Id.

"Defendants' Reply…" notes that "Plaintiffs' Response…" "does not cite a single case, statute, or rule in support of their position." (Document No. 31, p. 2). Defendants also suggest that Plaintiffs assume "that because Mr. Shakespeare is black, any 30(b)(6) deposition topics related to racial discrimination are automatically proportional to the needs of the case." Id. According to Defendants, if such assumption were true, Rule 26(b) would be meaningless. Id.

Defendants then re-assert that Plaintiffs did not allege racial discrimination in their Complaint or Amended Complaint, and therefore, they "cannot establish that information related to racial discrimination is somehow relevant and proportional to the needs of their medical malpractice lawsuit." Id. (citations omitted). Moreover, Defendants contend the statute of limitations to assert a discrimination claim expired earlier this year. (Document No. 31, p. 3) (citing N.C.Gen.Stat. § 1-15(c)).

Finally, Defendants spend a considerable portion of their Reply brief raising a new issue that appears unrelated to the pending motion. (Document no. 31, pp. 3-7). In short, Defendants

9

"bring to the Court's attention Plaintiffs' attempt to extrajudicially influence the outcome of this litigation and/or improperly establish a claim for racial discrimination through a series of harassing and threatening emails and communication from a non-party consumer advocacy group." (Document No. 31, p. 3).

While the allegations are serious and troubling, the undersigned finds that Defendants' Reply is not the appropriate way to raise such allegations. See LCvR 7.1(e) ("A reply brief should be limited to a discussion of matters newly raised in the response."). The undersigned will respectfully decline to further address Defendants' new allegations in this Order.

However, the undersigned otherwise finds Defendants' briefing in support of the "…Motion For Protective Order" to be persuasive. Plaintiffs' counsel's zealous advocacy for her clients is evident in the concise Response, as well as in her oral presentations during the telephone conference, but fails to present any sound legal argument or authority that refutes Defendants' requested relief.

The undersigned notes that Plaintiffs have recently filed a "Motion To File Amendment To Complaint" (Document No. 33) that seeks to add claims of race discrimination. That motion is not yet ripe for review by the Court. To date, there are no pending claims for race discrimination in this lawsuit that would arguably support deposition testimony on that subject. As such, the undersigned agrees with Defendants that such questions should be precluded from Defendants' Rule 30(b)(6) examination. *If* the Court allows a Second Amended Complaint as proposed by Plaintiffs, Plaintiffs may then re-raise the issue of whether such discovery is appropriate.

Based on the foregoing, and without any rebuttal from Plaintiffs, the undersigned will also allow Defendants' requested protection from the additional topics - "internal review of malpractice, collection of evidence, the decision to validate claims, and/or if there is any

modifications in process." (Document No. 29, pp. 12-13). However, under Topic 6, Defendants' representative *should* testify, generally, as to "[t]he events surrounding and including the admission and treatment of Mr. Shakespeare." (Document No. 29-1, p. 3).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Compel And Motion To Extend Case Deadlines" (Document No. 23) is **GRANTED** as directed herein.

**IT IS FURTHER ORDERED** that "Defendants' Motion For Protective Order" (Document No. 28) is **GRANTED**.  At this time, Defendants' Rule 30(b)(6) witness(es) is not required to address questions related to racial discrimination, or other portions of Topics 2, 3, 4, and 6 as explained above.

**SO ORDERED**.

Signed: September 5, 2023

David C. Keesler
United States Magistrate Judge