**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:22-CV-317-FDW-DCK**

| | |
|---|---|
| **COLIN SHAKESPEARE  and** )<br>**SONYA JACKSON-SHAKESPEARE,** )<br>  )<br>  **Plaintiffs,** )<br>  )<br>  **v.** )<br>  )<br>**NOVANT HEALTH, INC.,** )<br>**PRESBYTERIAN HOSPITAL,  and** )<br>**FABIOLA PIERCY,** )<br>  )<br>  **Defendants.** )<br>——————————————————— ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

 **THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 41(b) and 37(b) or in the alternative Motion For Appropriate Relief Pursuant To Rule 37(b) For Failure To Comply With Court Order" (Document No. 40).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.  Having carefully considered the motion and the record, the undersigned will respectfully recommend that the motion be <u>granted in part and denied in part.</u>

## I.  BACKGROUND

 This is a medical-malpractice case that concerns Colin Shakespeare and his wife Sonya Jackson-Shakespeare ("Plaintiffs").  (Document No. 3, p. 2).  Plaintiffs claim that Mr. Shakespeare entered Defendant Presbyterian Hospital with "mild-like stroke symptoms" but due to Defendants' medical malpractice suffered "a second much more severe stroke" that "severely disabled him." <u>Id.</u>

Plaintiffs assert claims for:  (1) negligence;  (2) negligent infliction of emotional distress;  (3) loss of consortium/alienation of affection;  (4) negligent hiring and supervision;  and (5) punitive damages.  (Document No. 3, pp. 14–18).

On June 30, 2023, Defendants filed a "…Motion To Compel…" (Document No. 23) seeking to compel Plaintiffs to provide:  (1) sufficient responses to Defendants' First Set of Interrogatories, as well as responsive documents identified in Plaintiffs' discovery responses;  and (2) expert witness information required by Fed.R.Civ.P. 26(a)(2)(B)(iii) and (v).  (Document No. 23, p. 1).

Pursuant to the "Case Management Order" (Document No. 14, p. 5), and at Plaintiffs' counsel's request, the undersigned held a telephone conference regarding a discovery dispute related to a deposition on August 23, 2023.  Although not directly related to the then pending "…Motion To Compel…" (Document No. 23) or the now pending "…Motion To Dismiss" (Document No. 40), the telephone conference was informative regarding the case generally and parties' discovery efforts specifically.

On September 6, 2023, the undersigned granted "Defendants' Motion To Compel…" (Document No. 23) with modification and Ordered the following production:

> Plaintiffs shall promptly provide full responses, **or confirm that their responses are complete**, to Defendants' discovery requests, including:  Interrogatories 18-23 served on Mr. Shakespeare, *except No. 18 may be limited to sources of income since January 1, 2015*; Requests for Production of Documents to Mr. Shakespeare Nos. 1, 8, 10 and 13, *except No. 13 may be limited to state and federal tax returns since January 1, 2015*;  and Requests for Production of Documents to Mrs. Shakespeare Nos. 1, 6, 7, 9, 12, 13, 15, *except No. 6 may be limited to records and reports since January 1, 2015, No. 12 may be limited to state and federal tax returns since January 1, 2015, and No. 15 may be limited to files since January 1, 2015*. <u>See</u> (Document No. 24-17;  Document No. 24-14;  Document No. 24-15).

Plaintiffs shall supplement their discovery responses as directed above **and confirm with Defendants' counsel that such discovery responses are complete** on or before **September 27, 2023**.

(Document No. 37, p. 5) (emphasis added).

Regarding Defendants' demand for additional information from Plaintiffs' experts pursuant to Fed.R.Civ.P. 26(a)(2)(B)(iii) and (v), the undersigned directed Plaintiffs "to provide the information required by Rule 26 on or before **September 15, 2023**." (Document No. 37, pp. 5-6).

Now pending before the undersigned is "Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 41(b) and 37(b) or in the alternative Motion For Appropriate Relief Pursuant To Rule 37(b) For Failure To Comply With Court Order" (Document No. 40) filed on October 2, 2023. "Plaintiffs' Response…" (Document No. 55) was filed on October 16, 2023; and "Defendants' Reply…" (Document No. 56) was filed on October 23, 2023.

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Frank D. Whitney.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 states in pertinent part:

(**2**) *Disclosure of Expert Testimony*.

(**A**) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(**B**) *Witnesses Who **Must Provide a Written Report***. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and **signed** by the witness--**if the witness is one retained or specially employed to provide expert testimony in the case** or one whose duties as

3

the party's employee regularly involve giving expert testimony. The report **must contain**:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii) any exhibits that will be used to summarize or support them**;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition**;  and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2) (emphasis added).

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed.R.Civ.P. 41(b).  "The district court may impose sanctions, including dismissal of the action, if a party fails to comply with a court order regarding discovery.  <u>Green v. John Chatillon & Sons</u>, 165 F.3d 18, 1998 WL 736459, at *1 (4th Cir. 1998).  However, "[d]ismissal of a complaint is an extreme sanction, reserved for flagrant cases of bad faith and callous disregard for the court's authority."  <u>Id.</u>

To determine if dismissal is proper, courts consider the following factors:  "(1) whether the noncomplying party acted in bad faith;  (2) the amount of prejudice the noncompliance caused the adversary;   (3) the need for deterring the particular type of noncompliance;   and (4) the effectiveness of less drastic sanctions."  <u>Green</u>, 1998 WL 736459, at *2 (quoting <u>Hillig v. Comm'r</u>, 916 F.2d 171, 174 (4th Cir. 1990)).

In the alternative, Defendants request sanctions against Plaintiffs.  Federal Rule of Civil Procedure 37 states in pertinent part:

**(2)** *Sanctions Sought in the District Where the Action Is Pending*.

**(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--**fails to obey an order to provide or permit discovery**, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
**(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence**;
**(iii)** striking pleadings in whole or in part;
**(iv)** staying further proceedings until the order is obeyed;
**(v) dismissing the action or proceeding in whole or in part**;
**(vi)** rendering a default judgment against the disobedient party; or
**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2) (emphasis added).

## III. DISCUSSION

By their pending motion, Defendants assert that "Plaintiffs have failed to provide any supplemental interrogatory responses, supplemental production, and/or supplemental expert reports as ordered by this Court." (Document No. 40, p. 2). Moreover, Defendants report that "Plaintiffs' Counsel failed to make any attempt to confirm with Defense Counsel that the Court's Order for production has been satisfied as required by the Order." (Document No. 41, p. 2).

In addition, Defendants note that Plaintiffs' counsel "failed to attend five duly noticed discovery depositions," including the deposition of Dr. George Rafeedie. Id. Since Plaintiffs'

counsel failed to attend, "Defendants were prohibited from proceeding with the deposition of Dr. Rafeedie, a witness identified by Plaintiffs as supportive of their claims for negligent infliction of emotional distress, as they could not interview him outside the presence of Plaintiff or Plaintiffs' Counsel due to North Carolina law barring *ex parte* interviews of a non-party treating physician. (Document No. 41, p. 3) (citing Crist v. Moffatt, 326 N.C. 326, 336 (1990)).

Relying on the Green decision, and the Hillig factors quoted therein and included in the above standard of review, Defendants argue that Plaintiffs' flagrant disregard of an Order of this Court warrants the complete dismissal of this case. (Document No. 41, pp. 6-7). Although Defendants make some compelling points in support of dismissal, the undersigned finds that less drastic sanctions would be more appropriate.

In the alternative to complete dismissal, Defendants request other sanctions in accordance with Fed.R.Civ.P. 37(b)(2). (Document No. 41, pp. 7-10). Specifically, Defendants suggest limiting Plaintiffs' expert witnesses' testimony, dismissing the negligent infliction of emotional distress claim, and prohibiting Plaintiffs from further pursuing damages for lost income. Id.

**a. Expert Witness Testimony**

Noting again that Plaintiffs failed to supplement their expert witness information as required by Rule 26 and ordered by the Court, Defendants argue that Plaintiffs should not be allowed to call Morgan Boyer, RN ("Boyer") and Patricia Maisano, RN ("Maisano") as witnesses at trial. (Document No. 41, p. 7). Defendants assert that Plaintiffs' expert reports for Boyer and Maisano are incomplete pursuant to Fed.R.Civ.P. 26(a)(2)(B) and that Plaintiffs have made no supplementation or attempt to communicate with Defendants' counsel regarding theses deficiencies. (Document No. 41, pp. 7-8).

Defendants further state:

> Full and complete information concerning expert witnesses as required by Rule 26 is necessary for Defendants to adequately prepare for the trial of this purported medical negligence matter, and accordingly Plaintiffs' failure to provide such information despite a Court Order to do so has inherently prejudiced Defendants.

(Document No. 41, p. 8).

### b. Negligent Infliction of Emotional Distress Claim

Next, Defendants argue that Plaintiffs have been ordered to produce medical records which purport to support Plaintiffs' negligent infliction of emotional distress ("NIED") claim but have failed to do so. (Document No. 41, p. 8). In addition, because Plaintiffs' counsel failed to appear for the deposition of Dr. Rafeedie, Defendants were not able to conduct the deposition and were thus prohibited "from accessing any information concerning Plaintiffs' purported claims for" NIED. Id.

Defendants argue that Plaintiffs' "dilatory behavior . . . necessitates dismissal" of Plaintiff's purported claims for NIED. Id. Without the opportunity to analyze NIED evidence, or the lack thereof, Defendants assert they cannot adequately prepare to defend such claims at trial. (Document No. 41, pp. 8-9).

### c. Lost Income Damages

Finally, Defendants argue that Plaintiffs have failed to provide responses to discovery requests related to "lost income or earning capacity as a result of the events at issue." (Document No. 41, pp. 9-10). Again, Defendants assert that they cannot defend against a claim for damages for lost income when Plaintiffs have failed to respond to their discovery requests. (Document No. 41, p. 10).

"Plaintiffs' Response…" fails to directly address Defendants' arguments summarized above. Instead, Plaintiffs argue that the pending motion is nonsensical and/or frivolous.

(Document No. 55, p. 5).  Plaintiffs contend that Defendants' counsel was required to confer with Plaintiffs' counsel prior to filing the instant motion to dismiss.  (Document No. 55, pp. 5-6) (citations omitted).

Next, Plaintiffs argue that Plaintiffs have presented all discoverable information.  (Document No. 55, pp. 6-8).  Plaintiffs seem to suggest that if they responded to questions during depositions, they are not required to provide responses to interrogatories or other discovery requests related to those deposition questions.  (Document No. 55, p. 8).

"Defendants' Reply…" persuasively notes that:

> Plaintiffs do not deny that they failed to comply with the Court's September 5, 2023 Order (the "Order"), namely by not providing Defendants with any supplemental discovery responses and by not confirming with Defendants' counsel that their discovery responses were complete.  Also, they do not respond to Defendants' arguments regarding the sanctions Defendants seek.

(Document No. 56, p. 1).

Defendants further argue that contrary to Plaintiffs' arguments, they "do not have everything the Court ordered Plaintiffs to produce."  (Document No. 56, p. 2).  And, even if they did possess the information sought, at minimum the Court's previous Order "required Plaintiffs' counsel to confirm with Defendants' counsel that their discovery responses were complete."  Id.

Defendants also argue that it was not their burden to obtain the evidence Plaintiffs were required to produce pursuant to Fed.R.Civ.P. 26(a)(2)(B) regarding expert witnesses.  (Document No. 56, pp. 2-3).  Moreover, even if some of that Rule 26 information came out during depositions, it was incomplete and must still be produced pursuant to Rule 26 and this Court's previous Order.  Id.

8

Next, Defendants argue that Plaintiffs failed to address their arguments for dismissal or other sanctions.  (Document No. 56, p. 3).  Defendants suggest that Plaintiffs have thus conceded those arguments and the requested relief should be granted.  (Document No. 56, pp. 3-4).

In addition, Defendants contend that Plaintiffs' arguments are nearly identical to those opposing the underlying motion to compel and are an improper attempt to seek reconsideration of arguments that have already been considered by the Court.  (Document No. 56, pp. 4-5).

Finally, Defendants argue that they followed proper procedures for filing the instant motion – which did not require prior consultation with Plaintiffs – and have otherwise acted properly throughout this case.  (Document No. 56, pp. 5-6).

The undersigned finds Defendants' arguments most persuasive.  Moreover, Plaintiffs' response brief is not helpful.  <u>See</u> (Document No. 55).  As Defendants suggest, Plaintiffs seem to be more focused on re-litigating "Defendants' Motion To Compel…" (Document No. 23) than addressing the instant motion and explaining their failure to comply with the undersigned's previous "Order" (Document No. 37).  <u>Id.</u>

Although questions regarding admissible evidence and which claims should be presented at trial are ultimately up to the presiding judge, the undersigned will respectfully recommend that the Court decline to dismiss this case in its entirety based on *this* motion.  Instead, the undersigned is persuaded that less drastic sanctions are appropriate.  As such, the undersigned recommends that limiting the evidence Plaintiffs can present and/or some of Plaintiffs' claims – instead of dismissing all claims – would be an appropriate sanction for Plaintiffs' failures to fully participate in discovery.  <u>See</u> Fed.R.Civ.P. 37 (b)(2)(A)(ii)-(iii).  Such sanctions might include:  (1) not allowing testimony of Boyer and Maisano;  (2) dismissing the NIED claim;  and (3) denying damages for lost income.  <u>See</u> (Document No. 56, p. 4).

9

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 41(b) and 37(b) or in the alternative Motion For Appropriate Relief Pursuant To Rule 37(b) For Failure To Comply With Court Order" (Document No. 40) be **GRANTED in part and DENIED in part**. The undersigned recommends the motion be <u>granted</u> as discussed above, but <u>denied</u> as to the complete dismissal of all claims.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>United States v. Benton</u>, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Id.</u> "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" <u>Martin v. Duffy</u>, 858 F.3d 239, 245 (4th Cir. 2017) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: October 31, 2023

David C. Keesler
United States Magistrate Judge