UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00317-FDW-DCK

| | |
|---|---|
| SONYA JACKSON-SHAKESPEARE AND COLIN SHAKESPEARE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| PRESBYTERIAN HOSPITAL; FABIOLA PIERCY; AND NOVANT HEALTHCARE INC., | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court *sua sponte* following the Court's review of the parties' Supplemental Jointly Proposed Pretrial Order, (Doc. No. 85). Based on the Court's review of the parties' proposed witness lists and proffered testimony, the parties' exhibit lists, and the parties' estimates of trial time, the Court finds the imposition of time limits for the presentation of opening statements, evidence, and closing arguments is necessary and appropriate in the trial of this case. In so finding, the Court has balanced the interests of justice as well as the parties' interests in this case, including the need for improved efficiency in the presentation of evidence while also ensuring the fundamental fairness to each party at trial. See Raynor v. G4S Secure Sols. (USA), Inc., 805 F. App'x. 170, 178 (4th Cir. 2020) ("Efficiency is an important value in our judicial system, but it is not the only one. There comes a point at which the pursuit of trial efficiency undermines the fundamental fairness of a trial."); see also Benjamin v. Sparks, 986 F.3d 332, 344-45 (4th Cir. 2021).

Accordingly, the Court finds that a fifteen-hour time limit per side is reasonable and will allow the parties to have a fair chance to present their case to the jury, including the presentation

1

of opening statements, evidence, and closing arguments. Counsel's questioning of witnesses on behalf of their client—whether by direct or cross examination—will be charged against counsel's allotted time. The Court will exclude from the fifteen-hour limitation jury selection, as well as any time used to make and resolve objections, unless it appears counsel is unreasonably abusing this exclusion, at which time the Court will provide counsel with a warning.

Trial is scheduled to begin on Monday, March 4, 2024. The Court is confident this gives the parties sufficient notice and adequate time to craft their case within the time limitations imposed herein.

Finally, should the parties confer and collectively agree that a judicial settlement conference would aid the parties in resolving this matter, counsel should contact Chambers to so advise.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Frank D. Whitney
United States District Judge

Case 3:22-cv-00317-FDW-DCK   Document 93   Filed 02/06/24   Page 2 of 2