UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00317-FDW-DCK

| | |
|---|---|
| SONYA JACKSON-SHAKESPEARE and COLIN SHAKESPEARE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NOVANT HEALTHCARE INC. et al, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel, (Doc. No. 121), and Defendants' Notice of Inquiry, (Doc. No. 120), filed April 17, 2024. In their motion, Plaintiffs ask this Court to compel Defendants to produce Tahisha Coleman as a witness for trial. In their Notice of Inquiry, Defendants seek guidance as to whether the Court intends to proceed to trial as scheduled on April 22, 2024, given Plaintiffs' filing on April 17, 2024, of a Notice of Appeal of this Court's order granting their motion to continue trial and denying their motion for sanctions, (Doc. No. 119). These motions have not been fully briefed; however, given the close proximity of trial, the Court finds that prompt issuance of this Order is required.[1]

Finally, the Court also addresses counsels' requirement to comply with the Case Management Order in this case, which requires each party "to provide a flash drive containing in

---

[1] The same day Defendants filed their Notice of Inquiry, the Court signed an Order allowing Plaintiffs the opportunity to respond to Defendants' Notice of Inquiry and noted that the shortened briefing schedule was necessary in light of the close proximity to trial. (Doc. No. 122.) The Court recognizes that by the time that Order was docketed and electronically served on the parties the following day, it allowed Plaintiffs a very short window of seven (7) hours to respond. The time for Plaintiffs to respond has expired, and no response was filed. The Court did not enter a similar order with a time for Defendants to respond to the Motion to Compel because that motion was filed after the Court signed the prior Order allowing a response. In light of the fact no responses have been filed to these motions, the Court presumes—for purposes of this Order—that the parties have opposing positions as to the relief sought in those filings.

1

electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial." (Doc. No. 14, p. 12.)

As an initial matter, it appears defense counsel concedes they represent Tahisha Coleman, which is the witness Plaintiffs would like to subpoena for trial. The record does not indicate Plaintiffs' counsel has attempted to personally serve Ms. Coleman with a trial subpoena, and instead Plaintiffs' counsel asked defense counsel to accept service. Defense counsel indicates it does not have authority to accept service on her behalf. While *not required* under the Federal Rules of Civil Procedure, the Court, in its discretion and in light of the upcoming trial setting, directs defense counsel to extend the professional courtesy of assisting Plaintiffs with service of the trial subpoena so that Ms. Coleman can appear for trial. The Court has not reviewed the subpoena,[2] and the directions to defense counsel herein are not intended as an opinion on the merits of the subpoena.

Turning to Defendants' Inquiry, the Court responds by informing all parties and counsel that trial will commence with jury selection on April 22, 2024, as scheduled notwithstanding Plaintiffs' Notice of Appeal. Plaintiffs' Notice of Appeal does not indicate the grounds on which it is based, but the Notice makes clear it seeks appellate review of two interlocutory rulings by this Court.[3] Interlocutory orders, which are not final decisions of district courts, may be subject to immediate appeal under some circumstances. Pursuant to 28 U.S.C. § 1292(b), an order for interlocutory appeal "must involve '[1] a controlling question of law [2] as to which there is

---

[2] Plaintiffs' motion to compel only attaches communications aimed at serving defense counsel with an attached document identified as a subpoena; however, a copy of the subpoena was not attached to the Court filings. (See Doc. Nos. 121, 121-1, 121-2, 121-3.)

[3] By contrast, Section 1291 of the Judicial Code generally vests courts of appeals with jurisdiction over appeals from "final decisions" of districts courts. 28 U.S.C. § 1291. A decision is not final unless it "'ends the litigation on the meris and leaves nothing for the court to do but execute the judgment.'" Van Cauwenberghe v. Biard, 486 U.S. 517, 521–22 (1988) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).

substantial ground for difference of opinion,' and [3] an immediate appeal from that order must promise to 'materially advance the ultimate termination of the litigation.'" United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340 (4th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). While an interlocutory appeal is pending, a district court generally is "divest[ed] . . . of its control over those aspects of the case involved in the appeal." Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). "However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Brinson v. Fred Smith Co., No. 5:22-CV-197-D, 2023 WL 2614539, at *1 (E.D.N.C. Mar. 23, 2023) (citing Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007); Rucker v. U.S. Dep't of Lab., 798 F.2d 891, 892 (6th Cir. 1986)); see also United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010) ("[T]he district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order.") (citing Griggs, 459 U.S. at 58).

After reviewing Plaintiffs' Notice of Appeal, (Doc. No. 119), this Court concludes its jurisdiction is not divested by Plaintiffs' appeal from this Court's scheduling order, (Doc. Nos. 104, 107), and sanctions order, (Doc. No. 118). Cunningham v. Hamilton Cnty., Ohio, 527 U.S. 198, 208 (finding sanction orders against an attorney do not constitute final decisions and "[t]o permit an immediate appeal from such a sanctions order would undermine the very purpose of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics"); Philips N. Am. LLC v. Probo Medical, LLC, No. 2:21-cv-00298, 2024 WL 1146644, at *3–5 (S.D. W.Va. Mar. 15, 2024) (denying to certify interlocutory appeal where an interlocutory

appeal on the eve of trial would not materially advance the ultimate termination of the case and success on the questions posed in the appeal would not terminate the case or any claims therein).

Finally, the Clerk of Court has advised Chambers that Plaintiffs' counsel has not complied with the Case Management Order in this matter, which provides:

> Counsel shall provide a flash drive containing in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file and named consistent with their order and name on the exhibit list. *The flash drive shall be delivered to the Clerk's Office (Attn: Candace Cochran) immediately after submitting the jointly-proposed pretrial order*.

(Doc. No. 14, p. 12 (emphasis added).) Furthermore, Local Civil Rule 79.1(a) in this District also provides, "(a) Presentation of Evidence. Evidence *must* be presented in electronic format through use of the presentation technology available in the courtroom to display evidence to the jury and the Court. Requirements for courtroom technology training and the format of exhibits can be found on the district court's website at www.ncwd.uscourts.gov." (LCvR 79.1(a); (emphasis added).) Plaintiffs' counsel filed an exhibit list, (Doc. No. 87), on January 29, 2024, but has failed to timely comply with the Case Management Order in this case and Local Rule 79.1 to provide a flash drive with those exhibits to the Court. The Court will allow Plaintiffs until 9:00 a.m. on April 19, 2024, to comply with this Court's Order to submit the flash drive with separate files in appropriate format, appropriate order as listed on the exhibit list, and with the appropriate name to the Clerk's Office (Attn: Candace Cochran). If counsel fails to timely comply with this Court's Order and Local Rules, Plaintiffs must SHOW CAUSE why this Court should not exclude Plaintiffs' evidence at trial.

4

**IT IS THEREFORE ORDERED that** trial will proceed as scheduled on Monday, April 22, 2024. (Doc. No. 107.) Docket Call will take place at 9:01 a.m. on April 22, 2024, and the Final Pretrial Conference will take place immediately following Docket Call, in Courtroom #5B of the Charles R. Jonas Federal Building, located at 401 West Trade Street, Charlotte, North Carolina, 28202. Jury selection will take place immediately following the pretrial conference.[4]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel, (Doc. No. 121), is **GRANTED IN PART** as explained herein.

**IT IS FURTHER ORDERED** that Plaintiffs shall deliver the flash drive of all exhibits identified on Plaintiffs' exhibit list to the Clerk of Court no later than 9:00 a.m. on April 19, 2024, or Plaintiffs must SHOW CAUSE why the Court should not exclude that evidence at trial.

**IT IS SO ORDERED.**

Signed: April 18, 2024

*[signature]*

Frank D. Whitney
United States District Judge

---

[4] Should the parties intend to resolve this matter prior to trial, counsel is reminded the Case Management Order in this case, (Doc. No. 14), provides:

> Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and per diem fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against them.

(Doc. No. 14, pp. 14-15.) A stipulation of dismissal, if filed on April 19, 2024, must be filed no later than 11:00 a.m. that day to give the Clerk of Court sufficient time during the business day to advise the jurors who are selected that they need not appear for trial on April 22, 2024.